## THE STATE *v.* PATRICK LANGTON.

An execution cannot be enjoined upon grounds which might have been pleaded before judgment.

A party bound to appear at court to answer a criminal prosecution, will not be released from a judgment of forfeiture on his bond, upon the ground that the court adjourned before the usual time of the term expired.

The entrance of a *nolle prosequi* discharges a judgment previously entered against the accused on a forfeiture of his recognizance bond.

APPEAL from the District Court of St. Charles, *Duffel*, J.

The judgment of the district court was as follows: "The defendant in this case, *Patrick Langton*, obtained a writ of injunction to stay the execution of a writ of *fi. fa.* issued on a judgment of this court forfeiting a bond furnished by the defendant to secure his appearance in court to answer a charge of assault and battery.

"The injunction was applied for on the ground: 1. That the party accused had compromised the matter before judgment of forfeiture. 2. That defendant had the whole term of the court to make his appearance, which term, by usage, is to last six days, but that the court was adjourned on the third day of the term. The answer to the petition for an injunction is a general denial, with a prayer that the demand be dismissed, with costs.

"It is admitted, that the term of the district court in this parish is usually one week; that when the court adjourned, there were two cases undetermined on the docket. It is furthermore admitted, that when the bond was forfeited, the parties had compromised, but that the district attorney had not been apprised of the same.

"As to the first ground it cannot avail the party, for the rule is that nothing which occured before the judgment was rendered, which could have been set up as matter of defence to the suit, can furnish grounds for issuing an injunction against its execution; but the writ must be based upon matters which arise since the rendition of the judgment. *Campbell* v. *Briggs*, 3 R. R. 111. *Ben-*

*ton* v. *Roberts*, 8 N. S. 513. 8 L. R. 104, 273. The bond was forfeited in strict conformity of the act of 11th March, 1837. Bullard & Curry's Digest, p. 281, sec. 1, which directs that the district attorney, on the second day of the term, or any other day thereafter, shall call all persons who may have entered into any bond, recognizance, &c. for their appearance in court, and also to call on all the sureties to produce *instanter* in open court, the person of such defendant, and upon failure to comply therewith, the court shall forthwith enter up judgment for the amount of such bonds, &c., which judgment, at any time during the same term of the court, &c., may be set aside upon the appearance, trial, and acquittal or conviction of the party accused.

"Now the law does not limit and fix the duration of the terms of courts in the Fourth Judicial District; but merely declares when each term shall commence in each parish of the district, (Acts of 1848, p. 126,) and the usage invoked grows out of the fact that usually there is business to occupy the court one week; but when such is not the case, the court adjourns as soon as the business has been absorbed. It could hardly be expected that the court would meet and adjourn from day to day merely to await the pleasure of a defendant, who, as in this case, was legally declared to be in default. This leads us to the inquiry, has the defendant placed himself within the provisions of the law he now invokes? That is, has he appeared during the term of the court, which he contends was six days? The fact that the court was no longer in session, did not exempt him from making his appearance and delivering himself up to the sheriff.

" From this view of the case, it is ordered, adjudged and decreed, that the writ of injunction issued in this case be dissolved and set aside; that the sheriff do proceed with the execution of the writ of *fi. fa.* enjoined by said injunction, and that the costs of these proceedings be paid by the plaintiff in injunction."

*Isaac Johnson*, Attorney General, for the State. *H. St. Paul*, for the appellant. The judgment of the court was pronounced by

PRESTON, J. The defendant was accused of assault and battery, and gave bond and security to appear before the District Court for the parish of St. Charles on the fourth Monday of March, 1850, being the first day of the ensuing term of the court, to answer to the charge, and not to depart until discharged according to law.

On Tuesday, the second day of the term, *informations* were filed against the defendant; he was called upon his recognizance, failed to appear, and judgment of forfeiture was entered against him and his surety for the amount of their bond and costs.

On Wednesday, the third day of the term, the judgment was signed and the court adjourned *sine die.* Execution was issued against the defendant, which he enjoined on the grounds which, we think with the district court, were not tenable, for the reasons he has assigned. Indeed, we have doubts whether an injunction should be issued by the courts against the execution of a judgment rendered in favor of the State.

It appears, however, that the defendant had compromised the assault and battery of which he was accused with the prosecutor, although the compromise had not been brought to the notice of the district attorney. The 3d section of an act approved the 6th of April, 1843, authorizes the parties in cases of assaults and batteries and misdemeanors to compromise, and renders it lawful for the attorney general and district attornies in such cases, to enter a *nolle prosequi*, provided all costs are paid. p. 61.

At the ensuing term of the district court, the accused appeared and brought to the notice of the court and the district attorney, the compromise he had made with the prosecutor and offered to pay all the costs. The district attorney must have been satisfied with the compromise, for he entered a *nolle prosequi* in the case. Although the statute rendered it lawful for him to do so, he was by no means obliged to enter the *nolle prosequi* if he thought the public interest required a prosecution.

We must, therefore, conclude that the accused presented himself and was ready to submit to a prosecution if deemed necessary on behalf of the State, and that the proper officer, with the leave of the court, discharged him from the same. Under the circumstances, we think the entry of the *nolle prosequi* was a release of the bond and its forfeiture. The court still had the whole case under its control. The bond was taken to secure the effectual prosecution of the accused. The compromise of the offence in pursuance of law, and the dismissal of the prosecution by the district attorney for that reason, satisfies the law and accomplishes the whole object of the bond. The case is not distinguishable in principle from that of the *State* v. *Hamill*, lately decided in this court. *Ante* p. 257.

It is therefore ordered, adjudged and decreed, that the injunction obtained by the plaintiff be dissolved, and that the judgment of the district court be affirmed with costs. But it is further ordered and decreed, that the judgment of forfeiture of his bond against the accused shall be satisfied, on his paying all the costs of the prosecution against him.