The State *v.* Moses A. Grice et al.

11  605
49  756

11  605
50 1162

11  605
111  107

A simple appearance is not sufficient to entitle a party to relief from a judgment forfeiting his recognizance. There must be an effective appearance—an appearance that finally disposes of the case.

If it is ever allowable for the accused to procure relief from such a judgment, it must at least be a case where he has done all in his power to procure a trial without effect.

APPEAL from the District Court of the parish of Morehouse, *Richardson*, J. *Stubbs*, District Attorney, for plaintiff. *Caldwell* and *Todd & Richardson*, for defendant and appellant.

SPOFFORD, J. This appeal is taken from a judgment forfeiting a recognizance, or rather from a judgment refusing to set aside the forfeiture at the same term it was decreed.

The ground upon which the appellants contend the judgment should be set aside is, that the accused appeared at the same term of the court at which the bond was forfeited, and demanded a trial, which was refused by the court, because the jury had been discharged for the term. The argument is, that the discharge of the jury was the act of the court, and that it cannot prejudice him; that he did all in his power to comply with the law, and was deprived of an opportunity of a trial not by his own laches, wherefore the forfeiture should be set aside.

The statute declares that "the judgment so rendered may, at any time during the same term of the court, be set aside upon the appearance, trial and acquittal, or upon the appearance, trial, conviction and punishment of the defendant or party accused."

A simple appearance is not sufficient, it must be an effective appearance—an appearance that finally disposes of the case. If it is ever allowable for the accused to procure relief from a judgment forfeiting his bond without such an effective appearance, it must, at least be a case where he has done all in his power to procure a trial without effect. But in this case there was a manifest evasion of a trial. During the term the case was postponed time after time at the request of the prisoner, and he was informed that a trial at the term would be insisted on. After the bond was forfeited, the accused was in the town where court was holden, but he made no appearance whilst the jury and District Attorney were in attendance. He availed himself of a short absence of the District Attorney, and of the order of the Judge discharging the jury for the term, to go in and demand a trial, which he knew could not then be awarded him. Persons indicted for crime, who give bonds to appear at court, bind themselves not to depart thence without leave; they are to attend upon the court, not the court upon them. The demand of this party and his surety, that the juries of the country should be kept idle about the court house, after the jury business is finished, until all the other business of the court is completed, to see whether it shall suit their pleasure to submit to a trial, is too extravagant to be seriously considered.

Judgment affirmed.