## THE STATE *v.* FRANK BROWN et al.

The surety upon an appearance bond in a criminal case is not entitled to citation or service of a rule before the bond can be forfeited.

The judgment of forfeiture may be set aside upon the appearance, trial and acquittal, or upon the appearance, trial, conviction and punishment of the accused, at any time during the same term of the court for all the parishes, except the parish of Orleans, and for the parish of Orleans at any time within ten judicial days after the notice of the judgment to the parties.

APPEAL from the District Court of the Parish of Jefferson, *Burthe,* J.
W. T. Scott, District Attorney for the State.  *C. Roselius* and *Alfred Philips,* for appellant.

SPOFFORD, J.  The defendants, appellants from a judgment of forfeiture upon an appearance bond in a criminal case, have assigned two errors in the proceedings below.

I.  They contend that the surety was entitled to a personal notice, citation, or service of a rule, before the bond could be forfeited as to him.  The proceedings are statutory, and the remedy is most summary.  The law declares that "it shall be the duty of the Attorney General and the several District Attorneys, in their respective districts, on the second or any other day thereafter, of each regular jury term of the District Court, leave of the court being first had and obtained, which leave shall always be presumed, to call any or all persons who may have entered into any bond, recognizance or obligation whatsoever, for their appearance or attendance at court, and also to call on the securities to produce *instanter,* in open court, the person of such defendant or party accused ; and upon failure to comply therewith, on motion of the attorney representing the State, the court shall, forthwith, enter up judgment against principal and securities *in solido* for the full amount of the bond, recognizance, or obligation.

The judgment so rendered may, at any time *during the same term of the court* for all the parishes of the State, except the parish of Orleans, and for the parish of Orleans at any time within ten judicial days after notice of judgment to the parties, be set aside upon the appearance, trial and acquittal, or upon the appearance, trial, conviction and punishment of the defendant or party accused."  Rev. Stat. pp. 169, 170, sec. 59.

The practice is to call the accused at the court-house door, and upon his failure to answer, to call, in like manner, upon the security or securities to produce his body.  We think this is all the preliminary notice required by the statute, which is modelled after the English practice in such matters.  When the surety signs the bond, he is presumed to take the prisoner into his friendly custody, and to undertake to produce him at the time and place designated by law, of which he is bound to take notice.

II.   It is assigned as error also that the district judge refused to set aside the judgment of forfeiture at a subsequent term of the court when the prisoner was arrested anew, or appeared to stand his trial.

The district judge did not err.   The proceedings took place in the parish of Jefferson, and the judgment. *nisi* could only be set aside *at the same term of the court*.   This was not a rule, as in *Hamill's* case, 6 An. 260, to show cause why satisfaction of the judgment should not be entered because the prisoner had been *tried, convicted, sentenced and punished by a submission to the sentence;* but the only allegation was that he had been surrendered and was within reach of the law.

He had been merely arrested or surrendered anew, at a term subsequent to the term when the judgment of forfeiture was rendered.

Such a surrender merely was insufficient to justify the court in entering satisfaction of the judgment of forfeiture.

Judgment affirmed.