MOSES S. GUICE *v.* F. P. STUBBS and BOBO, Sheriff.

When an appearance bond has been duly forfeited, the appearance of the accused at a subsequent term of the court to stand his trial will not liberate the security from his liability.

APPEAL from the District Court of the Parish of Morehouse, *Mayo,* J.

*Todd & Brigham,* for plaintiff and appellant. | *F. P. Stubbs,* for appellees.

COLE, J. This is an injunction suit; the facts of the case will be briefly detailed. A bill of indictment for larceny was found against one *M. A. Guice* at the May term, 1856, of the District Court. He gave a bond for one thousand dollars, conditioned for his appearance with the present plaintiff, as his security.

The bond was subsequently forfeited for non-appearance, and judgment was rendered against the parties thereto.

The jury having been discharged for the term, the accused appeared at the same term of court, at which his bond had been forfeited, and demanded a trial by jury and that the judgment be set aside.

On account of the discharge of the jury, the court could not grant him a trial, and refused to set aside the judgment, whereupon an appeal was taken to this court and the judgment was affirmed. 11 A. p. 605.

An execution having been issued, this injunction was sued out by plaintiff who was security on the bond; he represents that his principal the accused has appeared in court, when a jury were present, since the termination of the suit upon the bond, and demanded his trial, which was refused; he prays therefore that the execution on the bond may be perpetually injoined, and that he may be liberated from liability upon the bond.

It appears that when the accused presented himself for trial, the State was not ready on account of the death of one of the witnesses and the absence of others from the state.

The statute authorizes the setting aside of the judgment at the same term of court upon the appearance, trial and acquittal, or upon the appearance, trial, conviction and punishment of the party accused. Revised Stat. p. 170.

The accused by his own fault had prevented a trial, when the State might have been ready; he had rejected his right to a speedy trial.

He cannot then complain that the State is not ready, when he has thrown obstacles in the way, that have delayed the trial, until the witnesses have left the State.

Appellant complains that the judgment allows ten per centum interest on the amount injoined, instead of eight per centum.

It does not appear that this error was called to the attention of the lower court, and as the amount of the difference of interest is small, the maxim *de minimis* will apply.

Judgment affirmed.