(35 South. 476.)

No. 14,986.

## STATE v. BORDELON.

(Dec. 14, 1903.)

CRIMINAL LAW—BOND—FORFEITURE—SETTING ASIDE.

1. Defendant's bond was forfeited, and judgment accordingly entered. Defendant failed prior to forfeiture to inform the court of any reason for his absence when his case was called for trial.

2. Defendant returned within the five days after the forfeiture had been entered, and after the jury, for the term, had been discharged (he was not delivered by his surety), and was taken in custody by the sheriff. He asked to have the forfeiture set aside.

3. The trial judge properly refused to entertain application, in view of time at which presented. He has not been tried. "The judgment so rendered may at any time after rendition thereof, be set aside upon the appearance and trial and conviction or acquittal of or on a continuance for the attorney representing the state." Act No. 17 of 1900, p. 24.

This law has not been complied with. It follows that application cannot be granted.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Denis Miller, Judge.

O. F. Bordelon was convicted of embezzlement. From an order rejecting his demand to set aside forfeiture of his bond, he appeals. Affirmed.

Mitchell & Young, for appellant. Walter Guion, Atty. Gen., and Joseph Moore, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, J. Defendant appeals from a judgment of the district court rejecting his demand to set aside the forfeiture of a bond.

The facts are that defendant, Bordelon, was indicted for embezzlement in the early part of the year 1903: He, immediately after he had been indicted, executed a bond to answer to the charge.

Mr. A. J. Christman became his surety.

April 2, 1903, was the day set by the court for the trial of defendant's case.

On that day, when called, defendant failed to answer. Whereupon, on the motion of the officer representing the state, defendant's bond was forfeited, after the prosecution had complied with the forms required, and judgment was pronounced against the defendant and his surety.

On the 24th of that month the defendant came to Lake Charles, where he had formerly resided, and went to the courthouse, while court was in session, and, through his attorneys, filed a motion to set aside the forfeiture of the bond. He also informed the court that he was ready for trial. This announcement of readiness to be tried could not avail anything in his behalf, for the reason that the court had been in session for several weeks, and the time had passed for which petit jurors had been drawn. Without a jury, no trial was possible.

The grounds of his motion to set aside the forfeiture were that he had been prevented from appearing on the day his bond was canceled on account of his illness; that his appearance was within time to set aside the forfeiture and judgment in question.

We are informed by the brief of defendant's counsel that the case had not been continued at any time prior to April 2, 1903, and that there is no evidence in the record to show that the case was ever continued at any time.

We pass to the question of illness of defendant, which he urges for not having answered when he was called for trial; and we now state that it should not be considered at this time, for the reason that it was not shown prior to judgment that accused was prevented from attending by physical disability. This conclusion leads us to the question whether the surety produced the principal, and surrendered him into the custody of the law? We do not think there was a formal surrender made by the surety of his principal. He voluntarily appeared in court, it is true; but he was taken in custody by the sheriff after he had entered the courtroom. The court was in session. There was no formal surrender by the surety to the sheriff or his deputy. The surrender must be made in open court or within the four walls of the prison. This was not done.

We repeat, there was no surrender at the instance of the surety; but, even if there had been, the condition imposed by statute would still be uncomplied with.

It is true that, by walking about the courtroom a few days after the bond had been forfeited, he manifested, we must say, will-

ingness to appear in answer to the charge against him, but this is not a legal surrender by the surety.

We are brought to the main, and in fact only, issue in the case of any importance; and that is, even if the return of the defendant to the court, as he did, be considered as a surrender made by the surety of his principal, the surety is still not released. In order that he may get his release, he must rest in expectation until he (accused) will have been tried—convicted or acquitted.

When the bond was executed, substantially, the condition of the bond was that accused was not only to appear at the time to which it is returnable, but continue to appear until acquitted or convicted.

The accused cannot by his own acts change that condition. When he returns, although within the five days after his bond has been forfeited, he and his surety must be held bound by the plain words of the statute, which looks to the original condition of the bond to which we have just referred, and which reads as follows:

"The judgment so rendered may at any time within five days after rendition thereof be set aside upon the appearance and trial and conviction or acquittal of, or upon a continuance after such appearance granted upon motion for the attorney representing the state." Act No. 17 of 1900, p. 24.

The attorney representing the state has made no motion for a continuance. The accused has not yet been tried. The case is still pending, as a case not yet tried, before the district court in which he was indicted.

We have seen that the bond has been forfeited, but none of these last-mentioned conditions have been complied with.

The condition embodied in the statute is not original. It was enforced under prior laws, which were not, however, as clear as the statute just cited.

The court held (under prior laws)—and this view does not appear to have been varied from since—that an appearance is not enough to obtain relief. It must be an appearance that finally disposes of the case. State v. Grice, 11 La. Ann. 605.

We have read with attention the following decisions, and in each case found, in the main, that the rule before mentioned received approval. In all of them acquittal or conviction was the sine qua non: State v. Hamill, 6 La. Ann. 260; State v. Langion, 6 La. Ann. 282; Lafleur v. Mouton et al., 8 La. Ann. 489; State v. Brown et al., 13 La. Ann. 266; Guice v. Stubbs and Bobo, Sheriff, 13 La. Ann. 442.

Our decision is based entirely upon the theory, sustained by the facts, that the accused was not brought in open court and offered for trial. This being our premise, the conclusion is inevitable, although he made his appearance within the five days, he is without right to obtain the setting aside of the judgment of forfeiture before full compliance with the statute.

The rule of the Court of Exchequer in England is similar. It lays down that no application for remission will be considered prior to the trial of the accused.

With reference to this rule, it is stated "that it governs in Louisiana and New York." 3 Am. & Eng. Ency. of Law, p. 727.

After trial the application may be granted upon sufficient ground shown.

With reference to the plea that defendant, because of his illness, was unable to answer on the day which had been set for trial, we only have to say that it was pleaded after the judgment of the forfeiture had been rendered; and, if it offers any ground of defense, it can be considered only after the defendant and the surety shall have complied with the condition of the bond.

With reference to the fact that, after the defendant returned to the courthouse and was arrested, he furnished a new bond, which defendant asks to have considered as an absolute substitute, in all respects, for the old bond, we have this to state: That the question has already received the attention of this court, and it has been decided that the bond, as in this case, had been forfeited on account of the nonappearance of the prisoner. He was subsequently arrested, and a second time was released on bond.

The court said that this did not release the surety on the first bond; that the second bond was not the satisfaction of the first bond that the law contemplated.

The record informs us that the accused is now under a new bond for his appearance before the district court to answer the charges.

The accused has not been finally tried and

convicted or acquitted. We think that this case is similar to those of State v. Brown et al., 13 La. Ann. 266; State v. Schmidt, 13 La. Ann. 267.

Judgment is affirmed, and whatever rights defendant may have are reserved.

MONROE and PROVOSTY, JJ., concur in the decree.