(36 South. 874.)

No. 15,227.

## STATE v. BORDELON.*

(May 23, 1904.)

CRIMINAL LAW—APPEARANCE BOND—FORFEI-
TURE—SETTING ASIDE.

1. Defendant failing to appear when his case was called on the 2d of April, 1903, the day it was assigned for trial, the appearance bond which he had furnished for his appearance was forfeited, and judgment immediately rendered against him and his surety. On the 6th of April—within five days of the rendering of the judgment—on his entering the courthouse he was arrested by the sheriff under a warrant in his hands. He applied at once through his attorney for a trial of his case and the setting aside of the judgment, but, the jury having been already discharged, no trial could then be had, and the prayer for the setting aside of the judgment was refused. He was permitted, however, to give a new appearance bond, and the case went over to another term. At a later term he appeared, and was tried and acquitted. He and his surety renewed their application for a setting aside of the judgment. The application was denied, and they appealed.

*Held,* the ruling of the district court was correct. The parties had not brought themselves under the terms of the remedial statutes which they invoked. Sections 1032 and 1033 of the Revised Statutes, as amended by Act No. 17, p. 23, of 1900. Not only had this defendant failed to appear under the terms of this bond, but at the time of such default he was, in violation of one of the conditions of the bond, outside of the jurisdiction of the court without leave. He had never been surrendered by his surety, nor was his appearance a voluntary one.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Denis Miller, Judge.

Action by the state against O. F. Bordelon. Rule to show cause why judgment of forfeiture on bond furnished by Bordelon should not be set aside. Application denied, and defendants appeal. Affirmed.

Mitchell & Young, for appellants. Walter Guion, Atty. Gen., and Joseph Moore, Dist. Atty. (Lewis Guion, of counsel), for the State.

---

*Rehearing denied June 20, 1904.

## Statement of the Case.

NICHOLLS, J. On the 15th of March, 1904, O. F. Bordelon and A. F. Christman applied to the judge of the Fifteenth Judicial District court for the parish of Calcasieu for a rule upon Joseph Moore, district attorney for that district, to show cause why the judgment of forfeiture recited therein of the bond furnished by Bordelon, with Christman as his security should not be set aside and declared satisfied for the reasons set forth in said application.

The allegations upon which this relief was sought were as follows: That on the 16th of February, 1903, O. F. Bordelon, one of the petitioners, was indicted by the grand jurors of Calcasieu parish for embezzlement of funds said to have been received and collected while acting as agent for one Jac Bokenfohr. That thereafter petitioner O. F. Bordelon entered into a recognizance for his appearance at court to answer said charge, and gave said Christman as his surety on said recognizance. That said suit was set down for trial on the 2d day of April, 1903, at which time the defendant, O. F. Bordelon, failed to appear when called, and immediately, upon motion of the district attorney, representing the state, his bond was forfeited, and judgment entered up in solido against him and his surety, A. J. Christman. On the following Monday, the 6th day of April, O. J. Bordelon appeared in open court of his own accord, and announced ready for trial, surrendering himself to the custody of the law, and filed a motion to set aside the bond forfeiture previously entered on the ground that he was prevented from appearing on the morning that the case was set down for trial from physical disability, and that he then appeared within the five days prescribed by law in article 1032 of the Revised Statutes of Louisiana for trial. The trial was refused at that time by the court on the ground that the jury for the week had

been discharged. Subsequently, to wit, on April 6, 1903, a written motion was filed by O. F. Bordelon in said cause praying that the bond forfeiture above referred to be set aside. Said motion was put at issue by the state, and the motion disallowed, from which judgment O. F. Bordelon prosecuted an appeal to the Supreme Court of the state of Louisiana, and is numbered on the docket of said court 14,986; and on the 14th day of December, 1903, the judgment of the lower court was affirmed, with his rights reserved. 35 South. 476.[1] That on the 6th day of April, 1903, as aforesaid, O.. F. Bordelon entered into a new recognizance for his appearance at court to answer to the charge of embezzlement as aforesaid. That on the 7th day of March, 1904, the above-named cause of the State v. O. F. Bordelon was taken up for trial, tried, and on the 9th day of March, 1904, a verdict of not guilty was rendered therein.

That Joseph Moore, district attorney, duly elected and qualified, acting in his capacity as aforesaid, on the 10th of March, 1904, caused to be issued from the clerk's office of the parish of Calcasieu a fi. fa. directed against the property of petitioners, O. F. Bordelon and his surety, A. J. Christman, in satisfaction of the judgment rendered against them in the matter of forfeiture of the bond of O. F. Bordelon in the above numbered and entitled cause hereinabove referred to, and the same is now in the hands of the sheriff for execution. They further show that a final disposition of the criminal charge against O. F. Bordelon, and a rendition of the verdict of not guilty therein by the jury, as shown by the minutes of the court, operated as a satisfaction of the judgment of forfeiture of O. F. Bordelon's bond as rendered on the 2d day of April, 1903, by the court. Petitioners show that they are entitled to a rule upon the said Joseph Moore,

---

[1] 111 La. 105.

district attorney, as aforesaid, calling upon him to show cause why said judgment of forfeiture should not be declared satisfied, and erased from the records of this court. In view of the premises they pray that a rule issue from the court directed to Joseph Moore, district attorney of the Fifteenth Judicial District, as aforesaid, ordering him to show cause within a time to be fixed by the court why said judgment of forfeiture should not be set aside and declared satisfied as herein set forth; and further pray for all orders and decrees necessary in the premises for full and general relief.

The rule prayed for was ordered to issue, and was duly served.

The district attorney answered, praying that the rule be dismissed for the following reasons:

First. That said cause was originally set down for trial on the 2d day of April, A. D. 1903, at which time O. F. Bordelon failed to appear, and thereupon his bond was regularly and legally forfeited, and judgment was rendered in solido against the said O. F. Bordelon and his surety, A. J. Christman, for the sum of $500, with legal interest thereon from rendition of judgment. That on the following Monday, the 6th day of April, through his attorneys, after an alias warrant had been served upon him, O. F. Bordelon filed a motion to set aside the judgment of forfeiture, giving as his reason that he was prevented from appearing on the day the case was fixed for trial from physical disability. This application was regularly put at issue by the filing of an answer on the part of the district attorney, and the case was regularly tried, evidence offered, and judgment rendered disallowing the motion to set aside the judgment of forfeiture, and the case was appealed to the Supreme Court, and the judgment of the lower court was affirmed; the Supreme Court stating, however, in the conclusion of their judgment, that whatever rights the defendant may have

had were reserved. But respondent avers that, said judgment having become final, and defendant having given a bond for his appearance, the judgment of forfeiture on the previous bond was now res judicata.

Second. Because the forfeiture of the original bond was based upon facts and circumstances existing at the time of forfeiture, and cannot be affected by subsequent events. The only effect of the trial and acquittal of the said Bordelon at a subsequent term of court is to cancel the second recognizance entered into by him. The law specifically provides that, in order that a judgment of forfeiture may be set aside, the defendant must appear within five days from the forfeiture thereof, and be tried, or a continuance be granted upon motion of the attorney representing the state; which was not done in this case.

In view of the premises respondent prays that the rule herein filed be dismissed, and prays for costs, etc.

The district court, after trial of the rule, rejected plaintiffs' demand, and they appealed.

## Opinion.

This case has already been before us on the application of O. F. Bordelon and his surety, A. J. Christman, to set aside the judgment rendered against them on the 2d of April, 1903, by the district court for Calcasieu parish, based upon the forfeiture of a bond which had been furnished by Bordelon in answer to a charge of embezzlement. The district court had refused to set aside the judgment, and the parties appealed to this court. We affirmed the judgment, reserving the appellants whatever rights they might have in the premises. The facts of the case are recited in the opinion therein, which will be found reported in 35 South. 476, 111 La. 105.

After the mandate of this court went to the district court, the district attorney, on the 10th of March, 1904, caused a writ of fi. fa. to issue in execution of the judgment. Bordelon and Christman enjoined the execution upon the ground that on the 7th of March, 1904, the case of State v. Bordelon had been taken up for trial and tried, and on the 9th of March a verdict of not guilty was rendered therein.

The district court rejected plaintiffs' demand, and they appealed.

The object and effect of the reservation contained in our judgment was to leave open for future adjudication the precise question which is now submitted to us for decision; that is to say, to leave open the question as to what would be the rights of the parties should the case against Bordelon be afterwards taken up, and a final judgment rendered therein. The judgment, however, closed certain issues involved in the case.

In the opinion this court said:

"We pass to the question of illness, which defendant urges for not having answered when he was called for trial, and we now state that it should not be considered at this time, for the reason that it was not known prior to judgment that accused was prevented from attending by physical disability. This conclusion leads us to the question whether the surety produced the principal and surrendered him into the custody of the law. We do not think there was a formal surrender made by the surety of his principal. He voluntarily appeared in court, it is true, but he was taken in custody by the sheriff after he had entered the courthouse. The court was in session. There was no formal surrender by the surety to the sheriff or his deputy. The surrender must be made in open court, or within the four walls of the prison. This was not done. There was no surrender at the instance of the surety."

The plaintiffs rely very greatly upon the decision of this court in State v. Martin, 50 La. Ann. 1157, 24 South. 590, whose facts closely resemble those in this case. The Attorney General, however, insists that the law bearing on the subject has been altered since that decision was rendered.

The law at that time was section 1032 of the Revised Statutes of 1870, as amended by Act No. 76, p. 99, of 1898, and it was therein declared that the judgment so rendered (up-

on the forfeited bond) may at any time within ten judicial days after notice of the judgment to the parties be set aside upon either the appearance, trial, conviction, or punishment of the defendant or party accused.

Section 1032, as so amended, was amended by Act No. 17, p. 23, of 1900, and, as so amended, reads at present as follows:

"The judgment so rendered may at any time within five days after rendition thereof be set aside upon the appearance and trial and conviction or acquittal or upon a continuance after such appearance granted upon the motion of the attorney representing the state."

There was no continuance of the case granted upon the motion of the attorney representing the state. If relief can be demanded by appellants, it must be predicated upon the other terms of the statute.

The accused and his surety applied within five days of the judgment to have it set aside. He was not present on Saturday, the 2d of April, the day on which his case was assigned for trial; and when called on to appear he failed to do so. On Monday morning, the 6th of April, on entering the court room, the sheriff arrested him under a warrant which had been placed in his hands. The jury having been discharged at that time, he could not be tried at that term, though he then applied to have his case taken up. He was permitted to give a new bond, and he was finally tried and acquitted.

The section of the Revised Statutes following section 1032 provided (and still provides) that the appearance and answer of any defendant or party accused upon call made as provided for in the preceding section shall not operate as a discharge or release of any surety from his responsibility, and no such surety shall be discharged or released from his responsibility until the final trial and conviction or acquittal of such defendant or party accused. Any surety may be relieved from responsibility by making a formal surrender of the defendant or party accused to the sheriff or his deputy in open court or within the four walls of the prison of the parish, and not otherwise.

It appears from what has been said that the application to have the judgment based on the forfeiture set aside was made within five days after it had been rendered, but that the trial and acquittal on which appellants rely took place only on March 9, 1904, nearly a year after the application was made. It appears further that the accused was never surrendered by the surety, but that at the time he made the application on the 6th of April, 1903, for a trial, he was under arrest in the hands of the sheriff under a warrant. It is contended that the verdict of acquittal carried with it as its necessary consequence the extinguishment of the bond, independently of the date at which it was rendered, and independently of any question as to whether his appearance was a voluntary appearance after the forfeiture, or whether he had been surrendered by his surety, and independently of the question whether his appearance on the 6th of April was a forced appearance under an arrest made by the sheriff; that the sole determining factors in the case were an application for the setting aside of the judgment made within five days after its rendition, followed even months afterwards by a trial and an acquittal.

The language of the statute, taken literally, is that the application to have the judgment set aside, the trial on the charge made against him, and a judgment therein either of conviction or acquittal should all take place within five days of the rendition of the judgment.

To place this construction upon the law would make it almost impossible for the parties to obtain the relief which the statute grants, for it would rarely happen that an application for relief, a trial, and a verdict could all take place within five days. If the statute, however, is clear and unambiguous, courts have no power to depart from its requirements.

We think the statute was intentionally made as severe as it is, and that under its language it evidences the general rule directed by the lawmaking power to be applied to this class of cases. The facts of some particular case may hereafter be such as to require us to hold it to be exceptional in character, but the one before us does not. The surety, as we have said, never surrendered his principal, and the latter never made a voluntary appearance. Besides this, we find in the record a fact which, though not urged by the state, relieves this case from its appearance of severity, and that is the fact that, independently of the question of absence when his case was called for trial, the accused was then in Texas, in violation of one of the conditions of the bond.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.