JORGE FRAU ET AL., Petitioners, *v.* DISTRICT COURT OF
BAYAMÓN, Respondent.

No. 1156.   Argued November 28, 1938.—Decided December 9, 1938.

*C. Iriarte, F. Fernández Cuyar* and *H. González Blanes* for petitioners. *Luis Janer, Assistant Prosecuting Attorney,* for respondent.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Two informations were filed in the District Court of Bayamón against Jorge Frau and Gabriel Borrás, doing business under the name of "Industrial Frau Hermanos & Compañía," charging them with the adulteration of coffee.   In each case, each of the defendants was required to furnish bail in the amount of $300 to remain at liberty pending trial.   The arraignment in both cases was set for April 18, 1938.   The bondsmen were notified of the setting.   The defendant Gabriel Borrás appeared on that day.   The other defendant, Jorge Frau, did not appear.   The court directed the fact to be entered upon the minutes, and ordered that the sureties be summoned to appear on the 25th of the same month to show cause why the bonds in favor of the defendant should not be forfeited.   The sureties appeared on the day set for that purpose and during the hearing which was then held, there occurred the following colloquy which shows the reas-

ons set up by Jorge Frau for not appearing at the arraignment:

"Mr. González Blanes: May it please the Court, as our client, Mr. Jorge Frau, has advised us, he appeared on the day following that on which he was summoned to appear in this Court, and pre-sented his excuse for not having appeared on the day of the arraignment. It was due, it seems, to the fact that he was not able to secure transportation. Thus, as we have been advised, he showed the Court that he was ready at all times to appear and submit himself to the orders of the Court.

"Court: Did Mr. Frau state to counsel that he had appeared before this Court?

"Mr. González Blanes: I don't know, let me see. . . . (He speaks to Mr. Frau). That he was in court on the following day.

"Court: With the judge, or in the court room? I have not the slightest recollection of that.

"Mr. González Blanes: It seems that the person with whom he talked was the district attorney, it was not the Judge. Those are the bondsmen's reasons.

"First surety: We told him to come, he lives in a ward a long way off, in the ward of Consejo. We sent him the summons, and I guess he arrived late.

"Second surety: Due to the fact that those were holidays the summons got there on Wednesday. And Friday was not a working day, neither was Saturday."

The excuse which the defendant then set up in court was that he had not secured transportation to go to court. The court, on the following day, April 25, 1938, believing that the explanation given by the sureties was not satisfactory, decreed the forfeiture of the bonds given by Gilberto Maestre and Joaquín Rodríguez, and ordered further that the sureties be required immediately to pay into court the amount of the two bonds, advising them that if immediate payment was not made, a proper order of execution would be issued.

The sureties were served on May 24, 1938, in the town of Utuado, where they refused to make the payment and stated that they would talk to the defendant to get him to pay the sum, all of which appears from the return of the marshal

endorsed on the back of the writ issued by the clerk of the District Court of Bayamón on April 27 last in compliance with the order of the court of April 26, 1938, already mentioned.

Further proceedings were had in the case against the defendants, and on May 12, 1938, judgment was entered finding them guilty of the offenses with which they were charged, and sentencing each to one month in jail and to pay a fine of $75. Defendants appealed from this judgment on the same day. On the following day the court reconsidered its judgment, striking therefrom the jail sentence imposed on each of the defendants and leaving it unchanged as to the fine.

At this point, on May 31, 1938, the sureties filed a motion asking for reconsideration of the order forfeiting the bond, and the court, on June 8 following, entered an order denying reconsideration, from which we quote the following paragraphs:

"The reasons set forth in the aforesaid document (reference is to the motion for reconsideration) the sureties had opportunity to set up on April 25, 1938, when they were summoned and appeared with counsel to show cause why the bond should not be forfeited. The reasons now set up were known to the bondsmen on and before April 25, 1938, as appears from the very motion for reconsideration.

"Notwithstanding the fact that the order forfeiting the bond was entered on April 26, 1938, the sureties took no steps for a reconsideration until the 31st day of last May. Act No. 67 of 1937 (Session Laws, p. 190) lays down a definite period for review of an order or judgment in a civil action, and within which an appeal may be taken to the Supreme Court.

"The motion for reconsideration is denied." (Matter in parentheses supplied.)

On June 30 last, the defendants appeared and asked for a reconsideration of the judgment entered against them, and the motion was granted upon a showing that the testimony of the witnesses for the prosecution upon which the judgment was based was completely false. In the same motion for reconsideration it was also prayed that the forfeiture of the

bond be set aside, and with respect to this prayer, the court entered the following order on the 17th of last October:

"Defendants having prayed in their motion of June 30, 1938, that they be relieved from all liability by reason of the complaints against them 'including the liability on account of the forfeiture of the bonds,' and it appearing that the defendants are not the real parties in interest in so far as the last point is concerned, the motion is to that extent denied."

On the 31st of the same month, the defendants moved for a reconsideration of the order of October 17, above quoted, which was denied on the 3rd of last November.

This petition for a writ of certiorari was presented by the defendants to review the orders of October 17 and November 3 above mentioned.

■■ In their petition to this court the petitioners state that Jorge Frau did not appear on the date set for the arraignment because the information had been directed against both defendants doing business under the firm name of "Industrial Frau Hermanos & Compañía," and that he believed that if his co-defendant Borrás appeared, his appearance was unnecessary. That because the sureties in these cases were sufficiently guaranteed by the solvency of the defendants, petitioners herein, the former had taken no action and evidently did not feel disposed to go to court and incur legal expenses, it being therefore impossible for the petitioners to remedy the situation in which they find themselves. It is further urged that when the court refused to hear the defendants on setting aside the forfeiture of the bond, the court committed an error of procedure. Similarly, that the right to appeal is doubtful, and that even if there were such a right, the remedy would not be speedy and adequate in the present case. The petition concludes with a prayer that the orders of October 17, 1938, and of November 3 following, exhibited with the petition for certiorari, be annulled and vacated.

The writ was issued in view of the averment that the sureties had not sought any relief from the forfeiture of the bonds, and a hearing was set for the 28th of last November, when both parties appeared and submitted briefs in support of their respective contentions.

The statute governing the case is section 396 of the Code of Criminal Procedure, which provides:

"Section 396.—If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the undertaking of bail, or the money deposited instead of bail, as the case may be, is thereupon declared forfeited. But *if at any time before the final adjournment of the court, the defendant or his bail* appear and satisfactorily excuse his neglect, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just." (Italics ours.)

From the text of this section it clearly appears that both the defendant and his sureties are entitled to appear before the court and explain the defendant's failure to appear, and if the court believes that the explanation of either is satisfactory, the court may set aside the forfeiture of the bond, provided, however, that the sureties or the defendant appear *at any time before the final adjournment of the court.*

In this case the sureties appeared opportunely before the court and explained the defendant's failure to appear, the latter being present and himself furnishing to the court the information necessary for that purpose. At that time the defendant said, contrary to what he now says in his petition for certiorari, that he did not appear for lack of transportation. The court did not consider satisfactory the explanation then given by the defendant and his sureties, and decreed the forfeiture of the bond. Subsequently, reconsideration of this order was applied for and denied. No appeal was taken from the orders of the court decreeing the forfeiture of the .

bond and denying reconsideration. Both the sureties and the petitioner Frau remained inactive until the defendants filed the motion of June 30, 1938, in which they prayed, among other reliefs, for remission of the forfeiture of the bonds.

In accordance with section 396 above quoted, the motion of the defendants came too late, since it was not presented within the period specified in the statute, that is, before the final adjournment of the court in the term during which the bond was declared forfeited.

From an annotation which appears in 84 A.L.R., p. 420 *et seq.*, regarding the forfeiture of bail and relief therefrom, we take the following, found at page 427:

"The application of bail for relief from the forfeiture of his bond must, of course, be made *during the time within which the court has the power to grant such relief.* Owing to varying statutory provisions, no general rule can be stated as to this, but the situation in each jurisdiction in which the matter has been considered is shown in the decisions following: (Citations are then given of cases from various jurisdictions in which the problem has been discussed.) (Italics ours.)

When a statute specifies a procedure for securing specific relief, it excludes any procedure other than that established by the legislature. *Botany Worsted Mills* v. *U. S.*, 278 U. S. 282, 73 L. ed. 378, 385.

In the case of *People* v. *Cruz et al.*, 12 P.R.R. 70, 71, in which appeal was taken by the district attorney from an order setting aside a forfeiture of a bond, and in which, as in this case, the defendant failed to appear on the day set for arraignment, this court said:

"The explanation made by the defendant *before the final adjournment of the sessions of the Guayama court,* or what is the same thing, *before the end of the term of court,* is acceptable as an excuse for his failure to appear on the day set for his arraignment, because had he sought to evade compliance with the order of the court, upon hearing that he was being sought by the authorities, he would not have gone to the place of trial."

In the case of *The People* v. *Díaz et al.*, 12 P.R.R. 122, distinguished but not overruled by the case of *People* v. *Cruz*, just cited, an order from which the district attorney had appealed was reversed because the sureties confined themselves to stating the efforts which they had made to find the defendant and did not set forth the reasons why the defendant failed to appear.

In the case of *People* v. *Soto*, 24 P.R.R. 460, 461, the defendant did not appear on the date set for the arraignment. The sureties were then summoned and failed to show cause sufficient in the judgment of the court to justify defendant's conduct. The bond was declared forfeited. They moved for a reconsideration, which was denied, and then appealed to this court. The excuse set up by the sureties was that the defendant had not appeared because he was ill. The sureties testified to this effect, and the court did not believe them. In confirming the order appealed from, declaring the bond forfeited, this court expressed itself as follows:

"The sureties exhibited with their motion for reconsideration a physician's certificate stating that the defendant was sick on the date on which he was summoned to appear before the court. They claimed that the said certificate ·was presented to the municipal judge of Vieques at the proper time, but that 'due to the conditions existing at that place he did not deliver it to the sureties or send it to the district court in time.' The court also refused to accept this excuse as sufficient and overruled the motion for reconsideration.

"The same reasons already stated are applicable here. We cannot substitute our opinion for that of the trial judge. He heard the testimony of the appellants and was in a better position than we are to decide as to the credibility which should be given to their testimony. The physician's certificate which accompanied the motion for reconsideration should have been submitted at the first opportunity given the sureties. In the circumstances, moreover, the district judge was not bound to accept as true the facts therein certified to.

"In view of the foregoing and of the jurisprudence of this court laid down in the cases of *Rivera et al.* v. *Tous Soto, District Judge*, 11 P.R.R. 93; *The People* v. *Cruz et al.*, 12 P.R.R. 70; and *The*

*People* v. *Díaz et al.*, 12 P.R.R. 122, the appeal should be dismissed and the judgment appealed from *affirmed.*"

See also, for illustration, the case of *People* v. *Martínez*, 26 P.R.R. 716, in which the sureties appealed from an order of the court declaring the bond forfeited, and in which the order of the lower court was affirmed.

See also the case of *State* v. *Grice*, 11 La. Ann. 605, cited in the annotation above referred to.

The grounds which the court gave for denying the motion of the defendants were erroneous, because, as we have seen, the defendant equally with the sureties is entitled to appear and explain the reason for his failure to comply with the orders of the court; but the result reached by the lower court in denying the motion is sound, in the first place, because the motion was filed too late, and in the second place, because as we have seen above, the court heard the sureties and the defendant himself, who on that occasion stated his reason for not appearing, which the court did not believe, and accordingly we can not now disturb the decision of the lower court, for it has not been shown that the court acted with passion, prejudice, or partiality.

For the reasons stated, the writ heretofore issued will be annulled and the original record returned to the lower court for further proceedings.

Mr. Chief Justice Del Toro and Mr. Justice Travieso took no part in the decision of this case.