## THE STATE v. JULIUS SCHMIDT.

13 267
50 1161
13 267
111 109

When after the forfeiture of an appearance bond and an appeal from the judgment of forfeiture, it appeared by a supplemental record that the accused had been tried, convicted and sentenced under the charge for which he gave the bond to appear—*Held:* that the appellate court was without original jurisdiction to try the question whether satisfaction of the bond should be entered on account of such new facts.

A mere surrender, or a new arrest of the prisoner at a time subsequent to that when the bond was forfeited, does not satisfy the judgment.

APPEAL from the District Court of the Parish of Jefferson, *Burthe*, J.
W. T. *Scott*, District Attorney for the State.  C. *Roselius* and *Alfred Philips*, for appellant.

SPOFFORD, J.  This case differs from that of the *State* v. *Frank Brown et al*, just decided, in one particular.

A supplemental record has been filed by consent, which shows that, since the appeal was filed, the defendant, *Julius Schmidt*, has been tried, convicted and sentenced under the charge for which he gave bond to appear.  It is not proved by the record that he has complied with the sentence.

Whether he has or not, this court is without original jurisdiction to try the question whether satisfaction of the bond should be entered on account of these new facts.

The only question is : "Was the judgment appealed from right upon the facts in evidence at the time of its rendition?  For the reasons already given in the case of *Brown*, we think it was.

A mere *surrender*, or a new arrest of the prisoner, at a term subsequent to that when the bond was forfeited, does not satisfy the judgment.

Judgment affirmed.