## No. 207.

### THE STATE OF LOUISIANA vs. W. N. COLE.

A decree setting aside a judgment of forfeiture of an appearance bond is theoretically and practically one granting a *new trial* and is not appealable.

APPEAL from the Third District Court, Parish of Claiborne.
Young, J.

E. H. McClendon, District Attorney, for Plaintiff and Appellant.

John A. Richardson and Chas. W. Seals for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The appearance bond furnished by the defendant, was declared forfeited and judgment rendered, on his failure to appear when summoned.

The surety thereupon took a rule to have the forfeiture set aside and the bond annulled, alleging various grounds in support.

The district judge, after hearing, merely rescinded the judgment.

From this decree, the State appeals.   The appellee moves to dismiss on the ground that an appeal does not lie therefrom.

It is evident that the district judge did not pass upon the validity of the bond assailed by the security.

His action in annulling the forfeiture leaves matters in the condition in which they stood previous to the motion of the district attorney for the forfeiture of the bond.

The right of the State to further proceedings is admitted by the security and remains unaffected.

Theoretically and practically the district judge, after reversing and setting aside his judgment, has simply granted a new trial.

It has been repeatedly held that an appeal does not lie from an order granting a new trial.

The motion to dismiss must prevail.

Appeal dismissed.