## No. 12,926.

### STATE OF LOUISIANA VS. DAVID MARTIN.

50 1157
p113  26

#### ON RULE TO SET ASIDE JUDGMENT OF FORFEITURE.

1. The mere appearance of accused at same term of court, after his appearance bond has been forfeited, does not entitle him to have the judgment of forfeiture set aside, or satisfaction thereof entered.

2. Nor does his arrest under a second *capias* and his being in the custody of the court before its adjournment for the term, or his having given a second bond to secure his further appearance, entitle him or his sureties to this satisfaction.

3. But the final disposition of the case by his subsequent trial and conviction, or acquittal, before collection of the judgment of forfeiture is had, entitles him or his sureties to have satisfaction of the judgment of forfeiture entered on proper proceedings taken therefor.

ON APPEAL from the Sixteenth Judicial District Court, Parish of St. Helena.—*Reid*, J.

*Milton A. Strickland* for Plaintiffs in Rule, Appellees.

*M. J. Cunningham*, Attorney General, and *D. S. Kemp*, District Attorney, for State, Defendant in Rule, Appellant.

Submitted on briefs, December 10, 1898.
Opinion handed down December 19, 1898.

#### ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

BLANCHARD, J. The State is appellant from a decree making absolute a rule declaring a judgment of forfeiture of an appearance bond satisfied.

The appeal is met by a motion to dismiss on the ground that the case is a criminal proceeding in which no right of appeal exists in the State from the ruling and judgment of the court *a qua*.

That the State has the constitutional right of appeal in certain criminal proceedings, even though there be lacking express legislative enactment on the subject, is not an open question, and the exercise of this right is affirmed by jurisprudence.

See authorities cited in Knoblock's Criminal Digest, p. 18. Also

State vs. Dubois, 39 La. Ann. 676; State vs. Breeden, 47 La. Ann. 874.

Conceding that an appeal by the State will lie where an indictment is quashed, or a judgment is arrested, in felony cases, counsel for appellees denies that such right of appeal by the State ought to, or does, lie from a decision declaring a judgment of forfeiture of a bail bond satisfied.

In State vs. Williams, 37 La. Ann. 200, the sureties of defendant on his appearance bond appealed from a decree refusing to set aside a judgment of forfeiture, and the appeal was maintained.

In State vs. Burns, 38 La. Ann. 363, and State vs. Balize, Ib. 542, the bail bonds were forfeited and the sureties appealed. In the former case the appeal was dismissed because sought and returned too late—not because the right of appeal was questioned or denied. In the latter case the appeal was maintained, and the judgment of forfeiture annulled and set aside.

In State vs. Martin, 49 La. An. 752 (the case of this same defendant on a former hearing), the appearance bond of accused having been forfeited and judgment entered up against the principal and sureties, a motion was made to set aside the judgment of ferfeiture. From a decree denying the motion defendant appealed. No question of his right to do so was raised, and on the merits the judgment appealed from was affirmed.    See also 37 La. Ann. 62; 39 Ib. 939; 47 Ib. 363.

If persons charged with crime and their sureties on appearance bonds may appeal from final judgments forfeiting such bonds, or from final judgments refusing to set aside the forfeitures when made, surely the State may likewise appeal from adverse final judgments denying forfeiture, or setting aside forfeitures once made, or declaring judgments of forfeiture satisfied. The reasons for the one appeal are as strong and cogent as those for the other.

" But," declares counsel for appellees, " conceding the State an appeal in this case, how can the court say the judgment of the lower court, as presented, is error, without examining into all the facts upon which it is based, and all the circumstances surrounding its rendition? This your Honors will not do in any criminal case. You do not consider or review facts.''

True, it is not given this court to consider or review the facts of a criminal prosecution in so far as the same pertain to the question of

the guilt or innocence of the accused. But where an issue arises, like the one here presented, involving a question of law blended with facts, it is subject to our review. State vs. Nelson,32 La. Ann. 845; State vs. Trivas, 32 La. Ann. 1086; State vs. Hyland, 36 La. Ann. 87; State vs. Seiley, 41 La. Ann. 143.

The appeal is from a ruling of *the judge* on the law as applicable to· a certain state of circumstances presented to him involving the right of release from forfeiture, *vel non*, of an appearance bond. No facts are involved on which a jury in a criminal prosecution had sat or could sit. The judgment discharging the sureties from the payment of the forfeited bond, decreeing the former judgment of forfeiture satisfied, can, in no sense, be assimilated to a verdict of a jury discharging an accused.

It is much more to be assimilated to a judgment in a civil proceeding annulling a former judgment for a moneyed demand.

The motion to dismiss is denied.

## ON THE MERITS.

Defendant was indicted in 1895 for receiving stolen goods, arrested and gave bond for his appearance. Nothing further was done in his case until the November term, 1896, when he was arraigned, pleaded not guilty and the case assigned for trial on a day fixed. On that day he failed to answer when called and his bond was duly forfeited. Four days later he was rearrested (being then in the court room) on a second *capias* that had issued. He gave a second appearance bond and was released from custody.

The day of his rearrest was the last, save one, of that term of ·court. The adjournment of court the next day (Saturday) was necessitated by reason of the fact that a regular term of the same court in an adjoining parish would convene the following Monday.

At the time of his appearance in court and rearrest another criminal case was on trial, at the conclusion of which, within two hours thereafter, the jury was discharged for the term. It is shown that the witnesses for the prosecution in defendant's case were then absent and it was not practicable to try his case before the final adjournment of the court. But, based upon his appearance and rearrest, and upon his then being in the custody of the court, he and his sureties filed motions to set aside the judgment of forfeiture of the first bond.

This motion was tried the succeeding day (the last of the term) and overruled. Whereupon an order of appeal was taken to this court. The case was considered here in February, 1897, and a decree handed down affirming the judgment appealed from. 49 La. An. 752. The question there presented was (the appearance bond having been duly and legally forfeited, the accused having been re-arrested and in custody and offering for trial, but too late for trial then because the petit jury was about to be discharged, the court was about to adjourn for the term and the State's witnesses were absent, one or more of them in an adjoining parish) whether the appellants were entitled to have the judgment of forfeiture vacated. It was answered in the negative. It was held that the appearance of the accused, under the coercive power of the court, will not suffice to set aside the judgment of forfeiture, even if the appearance be at the same term when the judgment was rendered, but too late for trial at that term. It will be observed the issue there was, whether, under the circumstances presented, the judgment of forfeiture should be set aside. The issue here is, whether this judgment of forfeiture, there maintained, should now be held satisfied.

What is to be considered is whether what took place afterward warrants the decree of the trial court sustaining the rule to declare satisfied the judgment of forfeiture affirmed by us.

The judgment of this court was rendered February 15, 1897. On February 18, three days later, defendant was tried in the parish of St. Helena on the indictment charging him with receiving stolen goods, and acquitted. On March 1 following, within the legal delay, an application for rehearing was filed, one of the grounds of which was " that since the rendition of the judgment in this Honorable Court, in this cause, David Martin has been tried and acquitted on the charge wherein the bond was forfeited, as shown by a certified copy of the minutes of the District Court hereto annexed and made part hereof." And the certified copy of the minutes of the District Court annexed did show the trial and acquittal of the accused. The rehearing was refused. No opinion thereon was handed down. In State vs. Bass, Man. Unrep. Cas. 250, it was held that where, after an appeal in a forfeited bail bond case had been taken, the principal on the bond was tried and acquitted, and this was made to appear by the proceedings of the trial being added to the transcript, this court could not formally act upon the same.

In June following the denial of the rehearing, the accused and his sureties on the forfeited bond took a rule to have cause shown why the. judgment of forfeiture should not be· declared satisfied, set aside and annulled. The petition in rule sets out at length the facts and circumstances of the case, all of which were practically covered and involved in the former appeal, except the subsequent trial and acquittal of the accused.

Defendants in rule excepted that the petition disclosed no cause of action and that it was a collateral attack on the judgment of forfeiture. They further pleaded by way of exception, *res judicata*, averring that the same issues were passed upon and decided by the previous judgment of this court. The exceptions were overruled and bill reserved.

Later, in their answer, defendants in rule averred the regularity of the forfeiture of the bond, the appeal from that judgment to this court, and the action here thereon.

They represented that execution had issued, but that no return had been made on the *fi. fa.*, that no money had ever been paid or collected on the judgment, and that none of the conditions of the bond had ever·been complied with.

The case was tried and judgment was rendered declaring the judgment of forfeiture satisfied. This appeal followed.

At the conclusion of the record of the testimony taken in the case the trial judge made this note:—" The court has received the testimony offered on the trial hereof for the purpose of having the matter· speedily and finally determined by the appellate court, to avoid its· being returned in the event the appellate court desires it, but will decline to consider any question raised except that, whether or not the judgment has been satisfied by the final trial and acquittal of the accused." On this issue he thought the case was with the plaintiffs in rule.

While the question, considered originally, is not free from doubt, repeated adjudications of this court sustain the ruling of our learned brother of the District Court. State vs. Schexneider, 45 La. Ann. 1445; Lafleur vs. Mouton, 8 La. Ann. 489; State vs. Hamill, 6 La. Ann. 257; State vs. Langton, 6 La. Ann. 282; State vs. Brown, 13 La. Ann. 267; State vs. Scmidt, 13 La. Ann. 267; State vs. Bass, Manning's Unreported Cases, 250.

The mere appearance of the accused at the same term of the court

after his bond had been forfeited did not entitle him to have the judgment of forfeiture set aside, or satisfaction thereof entered. State vs. Grice, 11 La. Ann. 605.

Nor did his arrest under the second *capias* and his being in the custody of the court before its adjournment for that term, or his having given a second bond to secure his further appearance, entitle him, or his sureties, to this satisfaction. And this is what we decided when the case was before us heretofore. 49 La. Ann. 752. Why? Because the appearance he then made did not finally dispose of the case. He was not finally tried and convicted or acquitted. State vs. Defesse, 18 La. Ann. 104.

But subsequently he was tried and acquitted, and with this final disposition of the case, before collection of the judgment of forfeiture was had, satisfaction of such judgment must, it would seem, under the established jurisprudence, be entered on proper proceedings taken therefor.

Judgment affirmed.

BREAUX, J. Dissents.

NICHOLLS, C. J., takes no part, being absent ill.