Statement.
MONROE, J.
There is but one defendant in this case, who, having been charged as G. S. Adair with shooting with intent to murder, and as Pete Adair with carrying concealed weapons, and, having pleaded “not guilty,” was released on bond, in the first case on September 27, 1904, and in the second case on January 23, 1905. Both cases were fixed for trial on February 23, 1905, and, the defendant failing to appear,- the bonds were forfeited. h
Thereafter, on June 13, 1905, it being ascertained that the defendant was at the house of his stepfather, some miles out from Shreveport, the house was surrounded at night and he was captured and brought before the court, and upon June 17th withdrew the pleas of not guilty, pleaded guilty, and was sentenced on both charges. Motions were made to set aside the judgments forfeiting the bonds, upon ihe trial of which it was shown that, after the defendant’s arrest, and while the sheriff having him in custody víns about boarding the train for Shreveport, one of his sureties joined the party, seemed surprised at the arrest, stated that another surety had wired him to see about the bond, and asked the sheriff to make a statement to the effect that he, the surety, had assisted in the capture. It was admitted that two of the sureties, if present, would have testified “that the property transferred to Cockeral, the stepfather of Adair, and by Cockeral to Posey and Watkins (the sureties), was simply done to protect them on this bond, and if the forfeiture is set aside the property would revert to Mrs. Adair and the minor children, who have no other proixerty.” It was also admitted that the defendant had been sent to the penitentiary and is serving his sentence.
There was judgment against the movers, and they (the defendant in the case and his two sureties above named), after an unsuccessful application for a new trial, obtained an order for devolutive appeal, upon giving bond in the sum of $25; the cases being consolidated for the purposes of such appeal. The transcript fails to show that any bond was given, but the appellee does not raise the point.
Opinion.
Act No. 76, p. 99, of 1898, authorizing judgments forfeiting appearance bonds, provides in part that:
“The judgment so rendered may, at any time within ten judicial days after notice of the judgment to the parties, be set aside upon either the appearance, trial, conviction, or punishment of the defendant or party accused.”
This law was amended and re-enacted, by Act No. 17, p. 23, of 1900, so as to read:
“The judgment so rendered may, at any time within five days after rendition, be set aside upon the appearance and trial and conviction or acquittal, or upon a continuance, after such appearance, granted upon motion of the attorney representing the state.”
In the instant case the judgments of forfeiture were rendered, as has been stated, upon February 23, 1905, and the application to set them aside was made upon June 19th following. The defendant neither surrendered nor was he surrendered by his sureties, who really have no interest in the matter, since the defendant has transferred to them property which secures them from loss. The bonds were conditioned that “the *400 defendant should appear at the next jury term of the district court, and from term to term, to answer the charges exhibited against him, * * * and not to depart the court without leave.” He did not so appear, and judgment was properly rendered on the bonds. The law authorizes the setting aside of such judgment, provided application to that effect be made within five days after its rendition, and provided, further, that within that period the defendant shall appear, and shall be tried and convicted or acquitted, or else that the case shall be continued on the application of the state.
The application in the present case was made nearly four months after the delay prescribed by law, and within which the court was authorized to grant it, had elapsed. It had, therefore, no merit in the legal aspect, and, in the light of the facts proved, none that we have been able to discover upon equitable grounds, and its denial was well within the rulings of this court. State v. Bordelon, 113 Da. 21, 36 South. 874.
Judgment affirmed.