PROVO STY, J.
This is a rule taken by
the surety of the accused upon the district attorney to show cause why a judgment, entered in favor of the state against the accused and his surety on the forfeiture of the appearance bond of the accused, should not be canceled as having been satisfied by his appearance and trial and conviction.
The statute (Act 17, p. 23, of 1900) provides that:
“The judgment so rendered may at any time within five days after rendition thereof be set aside upon the appearance and trial and conviction or acquittal of or upon a continuance, after such appearance granted upon motion of the attorney representing the state.”
[1] Speaking of the recognizance of prosecutors and witnesses, Chitty, Grim. L. 92, says:
“If, by the nonappearanee of the prosecutor or witness at the trial, his recognizance be broken, it becomes forfeited and absolute; and, being estreated (that is, taken out from among the other records and sent up to the Exchequer), the party becomes an absolute debtor to the crown for the sum or penalty mentioned in the recognizance. As, however, the nonperformance of the condition of the recognizance is frequently owing to mere inattention and ignorance, 4 Geo. Ill, c. 10, empowers the barons of the Exchequer to discharge any person, on petition, whom they shall think fit for favor.”
A note to the foregoing reads:
“See post, as to estreating recognizance of bail. The great source of the general authority of the Exchequer to discharge estreated recognizance is a writ of privy seal.”
Referring post, to page 106, we find the following:
“The 38 Geo. Ill, e. 52, § 6, provides that the recognizance shall not be estreated or returned into the Exchequer until the next following session, in order that such recognizance may be discharged, in case the party bound shall show sufficient cause for discharging the same.”
We gather from this that a judgment of forfeiture, at common law, did not become absolute until it had been “estreated — that is, taken from out the other records and sent up to the Exchequer” for suit thereon — and that, after it had thus become estreated, it could still be discharged ruder the provision of 38 Geo. Ill, c. 52, § 6.
In Louisiana, all criminal proceedings being required, by Act of 1805 (Acts 1805, p. 440, § 33 [1 Rev. Laws 1904, p. 449, § 976]), to be according to the common law, “unless otherwise provided,” the foregoing is the law of this case, “unless otherwise provided.”
It was “otherwise provided,” however, by statute in 1S37 (page 98, No. 104), which reads:
“Which judgment at any time during the same term of the court for all the parishes of the state, except the parish of Orleans, and for said parish of Orleans at any time within ten judicial days after notice of said judgment to the parties, may be set aside upon the appearance, trial and acquittal, or upon the appearance, trial and conviction and punishment of the defendant or party accused.”
That statute came before this court for construction in 1841 in the case of State v. Cotton, 19 La. 550. The defendant had failed to appear, but unintentionally, and his bond had been declared forfeited, and a bench warrant had issued against him, and, hearing of it, he had come and surrendered himself; all at the same term of court at which he was to have appeared; and the case had been continued on his own application, on the ground of absence of witnesses, and thereupon he moved that the forfeiture of his bond be set aside. The trial court refused this motion, and entered judgment on the forfeiture. On the appeal, this court reversed the judgment, saying:
“We think the judge has given a too literal and rigid interpretation to the law. Its object was to secure attendance at court of the person accused of offenses, to answer the accusations preferred against them, and should be executed in a way that will attain that object and not punish parties in advance.”
*16 A statute, which declares that a judgment of forfeiture may be set aside upon the appearance, trial, and conviction or acquittal of the accused at the same term of court, implies as distinctly, as if it said so in so many words that such judgment may not be set aside unless the trial and conviction or acquittal is at the same term of court; and it is almost inconceivable how the court could have held otherwise.
However, in State v. Hamill, 6 La. Ann. 257, decided in 1851, this court went even further. The accused had been convicted and had moved for a new trial, and the motion had been overruled on the last day of the session of court; and, being then called for sentence, he had failed to appear, and his bond had been forfeited and judgment entered on the forfeiture; and on the second day of the ensuing term the sureties had produced the accused, ■ and moved that the judgment of forfeiture be set aside.
This court granted them this relief, citing the Cotton Case, supra, and adding that:
“The Legislature by no means intended to curtail the necessary and salutary control of our courts by virtue of their common-law powers over recognizances returned to them, until the actual payment of the penalty into the treasury.”
[2] There being no estreat under our law (since the same court which renders a judgment executes it, and the same officers who are charged with procuring it to be rendered are also charged with procuring it to be executed), the court, in this Hamill Case, ingeniously puts, in place of estreat, the actual payment of the amount of the judgment. Where the court gets authority for doing this, it would be hard to say. The said statute will be read in vain to find anything of that kind in it. It does not say that the voluntary appearance of the accused, or his surrender by his surety, will justify the setting aside of the judgment of forfeiture, but says that the appearance, trial, and acquittal, or the appearance, trial and conviction and punishment, of the accused will do so, provided it be at the same term of court.
In Lafleur v. Mouton, 8 La. Ann. 489, the accused had surrendered himself, but, as we gather from the report, only after the adjournment of the term of court at which he should have appeared, and at which judgment of forfeiture had been ordered; and he had been tried at a subsequent term of court and acquitted. The court relieved the sureties, announcing broadly as follows:
“If the accused has been fairly tried and acquitted, the state has no further claim under the recognizance, although it may have ripened into a judgment.”
In other words, that a statute, which says that a judgment may be set aside at the same term of court at which it was rendered, can be set aside at a subsequent term of court.
In State v. Langton, 6 La. Ann. 282, the accused had compromised with the prosecuting witness, and for that reason had not appeared. The charge was assault and battery, a eompromisable offense. He appeared at a subsequent term of court, and the district attorney nolle prosequied the case, by reason of the compromise. The court set aside the judgment of forfeiture, holding that the case was not distinguishable in principle from State v. Hamill, supra.
In the cases of State v. Brown, 13 La. Ann. 266, State v. Schmidt, 13 La. Ann. 267, and Guice v. Stubbs, 13 La. Ann. 442, a distinction was made between cases where the accused has been tried and acquitted, or tried, convicted, and punished, and those where, although he had voluntarily surrendered himself, he had not yet been acquitted or convicted and punished. In all these cases, however, the fact that the surrender had not been at the same term of court seems to have been considered immaterial.
*18 The hereinabove transcribed statute was re-enacted in 1855 in the same terms (Act 121, p. 160, § 58), but was amended by Rev. Stat. 1870, § 1032, so as to restrict the grounds for setting aside the judgment to “appearance, trial, conviction, and punishment of the accused” at the same term of court; in other words, by eliminating the acquittal of the accused as one of the grounds for which the judgment may be set aside.
This was a very significant change. It intimated most clearly that the Legislature desired to make the statute very much more severe, and allow nothing to be a ground for setting aside the judgment short of the conviction and punishment of the accused.
Nevertheless, in the case of State v. Williams, 37 La. Ann. 200, decided in 1885, where the siureties had produced the accused at the same term of court at which the bond had been forfeited and judgment of forfeiture entered, and had then immediately, before any trial had been had, moved to set aside the forfeiture on the ground that the accused had been produced at the same term of court, this court sustained the motion, saying:
“The object of an appearance bond is to secure the trial of the offenders rather than to fill the state coffers by forced contributions from sureties. That object was attainable through and by the action of the sureties in producing the body of the offender at the term when he was called. Where there is no collusion, nor suspicion of collusion, to defeat the ends of justice, sureties have been always relieved from a judgment of forfeiture when they have produced their principal and surrendered him into the custody of the law. That should have been done in the present case.”
In State v. Schexneider, 45 La. Ann. 1445, 14 South. 250, the accused, whose bond had been forfeited, was surrendered by his surety on the last day of the term, and at a subsequent term was tried and convicted and sent to the penitentiary. The court set aside the judgment of forfeiture.
In State v. Martin, decided, in 1893, but under the régime of said section 1032, R. S., the accused was rearrested before the adjournment of the term of court at which he should have appeared, but too late for a trial to be had at that term. The case came twice to this court on the appeal of the sureties. On the first appeal, which is reported at page 752 of 49 La. Ann., at page 224 of 22 South., the court said:
“The ground upon which appellants claimed that the judgment should be set aside was that the accused appeared at the same term of the court, at which the bond was forfeited, and demanded a trial, which was refused because the jury had been discharged for the term. * * * When he did appear in court, it was not of his own accord; or through the instrumentality of his sureties, but through that of the sheriff under the coercive process of the court, and too late to be made effective for the purpose of a trial at that term.”
The court cited the case of State v. Grice, 11 La. Ann. 605, decided in 1856, where the court had said:
“A simple appearance is not sufficient; it must be an effective appearance — an appearance that finally disposes of the case.”
After the decision in this Martin Case had been handed down, the accused was tried and acquitted. Whereupon the sureties took another rule and another appeal; and this court sustained this rule and set aside the judgment of forfeiture, distinguishing the two appeals as follows:
“The issue there was whether, under the circumstances presented, the judgment of forfeiture should be set aside. The issue here is whether this judgment of forfeiture there maintained should now be held satisfied.”
So that the judgment of forfeiture was set aside, although the accused had not been tried at the same term of court at which the bond had been forfeited, and although he had not voluntarily appeared or been surrendered by his sureties, but had been brought back by “the sheriff under the coercive process of the court.”
After all these decisions, there was very little left, it must be admitted, of the statute *20 prescribing tbe conditions under wbicb a judgment of forfeiture may be set aside. Very evidently tbe statute itself bad been set aside; and tbe situation was that tbe judgment of forfeiture would be set aside whenever tbe accused bad been either acquitted or convicted and punished, no matter when, and no matter whether bis reappearance has been voluntary or forced.
In 1898 (Act No. 76 of 1898) tbe said section 1032 of Rev. Stat. was amended so as to read:
“The judgment so rendered may at any time within ten judicial days after notice of the judgment to the parties be set aside upon either the appearance, trial, conviction or punishment of the defendant or party accused.”
This statute changed tbe delay within wbicb tbe judgment might be set aside from “at any time during tbe same term of tbe court” to “at any time within ten judicial days after notice of tbe judgment to tbe parties,” and made either conviction or punishment sufficient ground, whereas section 1032, R. S., bad required both conviction and punishment. Tbe first of these changes was made necessary by tbe adoption of tbe Constitution of 1898, which made tbe terms of court continuous in tbe country parishes as in tbe parish of Orleans.
Tbe said act of 1898 was in turn amended by Act 17, p. 23, of 1900, so as to read:
“The judgment so rendered may at any time within five days after rendition thereof be set aside upon the appearance and trial and conviction or acquittal of or upon a continuance, after such appearance granted upon motion ■of the attorney representing the state.”
It will be noted that this statute made several changes. It reduced tbe delay within which tbe judgment may be set aside from “at any time within ten days after notice of the judgment to tbe parties” to “at any time within five days after rendition thereof.” It made tbe acquittal of tbe accused one of the causes for setting aside tbe judgment. It made tbe rigid rule of trial within five days inapplicable to cases in wbicb tbe district attorney has obtained a continuance.
In State v. Bordelon, 113 La. 21, 36 South. 874, decided in 1904, tbe accused, who bad been prevented by illness from appearing on the day fixed for bis trial, and on whose bond judgment of forfeiture bad been entered, came to tbe courthouse within tbe five days to surrender himself, but, before be could do so, was arrested by tbe sheriff. He was tried nearly one year later, and was acquitted. This court refused to set aside tbe judgment of forfeiture, saying that tbe surrender of tbe accused, in order to be voluntary, must be in open court or within tbe four walls of tbe jail, and that, while it was true that tbe accused had voluntarily appeared in tbe courthouse for tbe purpose of surrendering himself, bis surrender bad not been in open court nor within tbe four walls of tbe jail, and that, even if it bad been otherwise, tbe trial bad not taken place within tbe five days’ limit established by tbe statute wbicb governs in such cases. Tbe court said :
“Tbe plaintiffs rely greatly upon tbe decision of this court in State v. Martin, 50 La. Ann. 1157 [24 South. 590], whose facts closely resemble those in this case. * * * It is contended that the verdict of acquittal carried with it, as its necessary consequence, the ex-tinguishment of the bond, independently of the date at which it was rendered, and independently of any question as to whether his appearance was a voluntary appearance after the forfeiture, or whether he had been surrendered by his surety, and independently of the question whether his appearance on the 6th of April was a forced appearance under an arrest made by the sheriff; that the sole determining factors in the case were an application for the setting aside of the judgment made within five days after its rendition, followed even months after-wards by a trial and acquittal.
“The language of the statute, taken literally, is that the application to have the judgment set aside, the trial on the charge made against him, and a judgment therein, either of conviction or acquittal, should all take place within five days of the rendition of the judgment.
“To place this construction upon the law would make it almost impossible for the parties to obtain the relief which the statute grants, for it would rarely happen that an application for relief, a trial, and a verdict could all take place within five days. If the statute, however, *22 is clear and unambiguous, courts have no power to depart from its requirements.
“We think the statute was intentionally made as severe as it is, and that, under its language, it evidences the general rule directed by the lawmaking power to be applied to this class of •cases.”
In State v. Adair, 115 La. 770, 40 South. 41, this court said:
“The law authorizes the setting aside of such judgment, provided application to that effect be made within five days after its rendition, and provided, further, that within that period the defendant shall appear, and shall be tried and convicted or acquitted, or else that the case shall be continued on the application of the •state.
“The application in the present case was made nearly four months after the delay prescribed by law, and within which the court was authorized to grant it, had elapsed. It had therefore no merit in the legal aspect.”
In that case the accused had been rearrested several months after the date of the judgment of forfeiture. It also appeared that the sureties had been protected on their bond by a deposit of property; but the court lay no stress on this last circumstance.
In State v. Dykes, 127 La. 54, 53 South. 407, decided in 1910, accused, owing to physical disability, had been unable to appear on the day fixed for 'his trial. He voluntarily appeared and surrendered himself two days later; but the judge had to leave on that day and go and hold court in another parish, and the trial took place only several months later, and resulted in conviction. The court set aside the judgment of forfeiture. Section 1032, R. S., provides:
“Such judgment shall not be rendered in case it shall be made to appear that the accused is prevented from appearing by some physical disability.”
The court, however, took occasion to observe as follows:
“Generally, the forfeiture of a bond will remain as written. The strictness of the rule will not be departed from. The language is imperative, taken in the strict sense which it justified.”
In State v. Le Grand, 130 La. 1034, 58 South. 869, where the ground of the motion for setting .aside the judgment of forfeiture was that the bond upon which it had been rendered had been null and void for want of an order authorizing it to be taken, and where more than five days had intervened between the rendition of the judgment and the surrender of the accused, this court refused to set aside the judgment, saying:
“The accused made no appearance within the five days, and, therefore the judgment became absolute.”
[3-5] In the case at bar, the accused did not appear within five days from the date of the rendition of the judgment, which was April 29, 1912, but 23 days later, on May 22, 1912. His case was then, or rather on the next day, fixed for trial on the 29th of May, and on the latter day was tried, with the result of a conviction.
The learned counsel for the sureties would distinguish the Bordelon and Adair Cases, supra, by pointing out that in both of them the accused had not voluntarily surrendered or been delivered up by his sureties in the manner required by law, but had been arrested by the sheriff, and that, in the latter of these cases, the sureties had been secured against the obligation of the bond by a deposit of property, whereas in the case at bar the sureties had duly surrendered the accused.
A perusal of these decisions shows that they were not rested upon the circumstances thus pointed out by learned counsel as distinguishing them from the present case, but upon the positive provisions of the herein-above transcribed statute.
The terms of that statute are unmistakable, and are binding upon the court. To a case where the judgment of forfeiture may be sought to be set aside upon any other ground than that of the appearance and conviction or acquittal of the accused, the statute may be inapplicable; but, to a case where the application to set aside is predicated on that ground, the statute clearly, plainly, and unmistakably applies; and in such a case, *24 by the express terms of the statute, the acquittal or conviction must take place within five flays from the date of the judgment.
If this limitation of five days is not binding, then there is no limit of time, for the statute fixes no other, excepting where there has been a continuance on motion of district attorney, and there is no other law that fixes any; and, as a consequence, the time when the accused appears, or is surrendered up, ceases to be an element in the problem; his surrender .and trial several years after the forfeiture will serve just as well as his surrender and trial within the five days spoken of by the statute.
The decisions before this Bordelon Case were practically to that effect. They had the merit of being consistent with themselves; the only objection to them was that they set at naught the act of the .Legislature.
A judgment becomes absolute by its signature, and from that moment becomes the property of the party in whose favor it has been rendered. A judgment for the payment of money can be satisfied only by the payment of money. To say that a judgment for the payment of money can be satisfied by the appearance, trial, and conviction or acquittal of an accused is to say something which everybody knows not to be true. As a matter of grace, the Legislature allows the judgment upon a bail bond to be set aside upon the conditions named; but it does not declare that this judgment for the payment of money can be satisfied by anything but the payment of money.
Where the statutory law is so plain there cannot be much use to argue from inconvenience, nevertheless we will mention that, if this statute is so interpretated as to strike out of it the limit of five days within which the accused must appear and be tried and convicted or. acquitted in order that the judgment on the forfeited bond may be set aside, then there is no limit at all, and the accused, under bond, may always force a continuance by forfeiting his bond and getting the judgment of forfeiture set aside at some subsequent term of court by appearance, trial, and conviction or acquittal.
It is said that his doing so would be trifling with the court, and would not be tolerated. But it would be nothing of the kind; the accused would be acting strictly within the terms of the law; and the court would be powerless to refuse to set aside the judgment.
It is also said that this fight to have the judgment set aside in that manner, or to satisfy it in that manner, continues to exist only so long as the judgment has not been extinguished by payment, voluntary or forced. But why so? If such a judgment is contingent or conditioned on the cause of defeasance here in question, whatever payment may be made under it will inherit the same cause of defeasance. If a debt is due only conditionally, the forced payment of it will not remove the condition. And, even if it were not so, nothing could be easier than for the judgment debtor to stave off payment by suspensive appeal, and later by injunction, for a year or more, and until a trial and acquittal or conviction, at the sweet pleasure of the accused, should have furnished the statutory ground for setting aside the judgment. That very thing was done in several of the cases anterior to the Bordelon Case, supra.
Judgment set aside, and rule dismissed, at the cost of plaintiffs in rule.
Note. — Rehearing granted as to case No. 7,068 (of the district court), as to motion to dismiss appeal; and rehearing refused as to the other two cases, included in the consolidated case, No. 19,577 (of the docket of this court).
On Saturday, January 25, 1913, the state in open court abandoned its appeal in case No. 7,068 of the district court, which case was known as the “concealed weapon case.”