(77 South. 772)

No. 22879.

STATE v. YOUNG.

(Jan. 3, 1918. Rehearing Denied Feb. 7, 1918.)

*(Syllabus by the Court.)*

1. BAIL &c=>79 (2)—JUDGMENT—SETTING ASIDE —FORFEITURE OF APPEARANCE BOND—APPEAL BY STATE.

The state of Louisiana, through its proper officer, may appeal from a final judgment setting aside the forfeiture of an appearance bond, where such bond was furnished in an appealable criminal case.

On the Merits.

2. BAIL &c=>79(1)—APPEARANCE BOND—FORFEITURE.

Where an appearance bond is forfeited because of the nonappearance of an accused at the time when and the place where he had bound himself to appear, the 5-day limit, within which he might, under Act 17 of 1900, have appeared and set aside such forfeiture, is binding upon him; and an appearance some 20 days after such forfeiture, though resulting entirely from want of proper information or misunderstandings on his part, does not entitle him to have the forfeiture set aside.

3. BAIL &c=>79 (1) — CONSTITUTIONAL LAW &c=>262 — DUE PROCESS OF LAW — FORFEITURE OF APPEARANCE BOND.

Act 17 of 1900, providing for the manner of forfeiting appearance bonds and setting forth the conditions under which such forfeiture may be set aside, is not obnoxious to the "due process of law" clause of the Constitution.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; William C. Baker, Judge.

Rule by Murphy Young to set aside and cancel a forfeiture of an appearance bond, given by him, with sureties. From a judgment setting aside the forfeiture of the bond, the State appeals. Motion to dismiss denied, and judgment annulled and set aside, and demand denied.

A. V. Coco, Atty. Gen., and Percy Saint, Dist. Atty., of Franklin (Vernon A. Coco, of New Orleans, of counsel), for the State. James R. Parkerson, of New Orleans, for appellee.

LECHE, J. [1] The state has taken the present appeal from a judgment setting aside

the forfeiture of an appearance bond, and the accused moves to dismiss, on the authority of State v. Cole; 39 La. Ann. 938, 3 South. 84. In that case, such a judgment was assimilated to an order granting a new trial, which is only interlocutory and not appealable, and for that reason the appeal was dismissed. It does not appear from the statement in the opinion whether the judgment of forfeiture, though rendered, had been written and signed, nor whether the decree setting aside the forfeiture had been written and signed, and we infer from the reasons stated therein that neither had been done. Those were the circumstances under which a similar appeal was dismissed in the case of State v. Robert Holland et al., 47 La. Ann. 362, 16 South. 958. In each of these cases, it will be seen, the appeal by the state was dismissed not for the reason that the state had no right to appeal, but because the judgments therein were preliminary or interlocutory and not final, while in the case at bar the judgment appealed from was written, read, and signed, and was final.

The case of State v. Martin, 50 La. Ann. 1157, 24 South. 590, is decisive of the question involved here. It was held in that case:

"If persons charged with crime and their sureties on appearance bonds may appeal from final judgments forfeiting such bonds, or from final judgments refusing to set aside the forfeitures when made, surely the state may likewise appeal from adverse final judgments denying forfeiture, or setting aside forfeitures once made, or declaring judgments of forfeiture satisfied. The reasons for the one appeal are as strong and cogent as those for the other."

See, also, State v. Johnson, 132 La. 11, 60 South. 702, where, although the question was not raised, a similar appeal was entertained by this court.

The motion to dismiss is overruled.

On the Merits.

[2] The accused, Murphy Young, charged under section 788, R. S., with having committed the crime against nature, was on May 30,

1917, released from custody on furnishing an appearance bond in the sum of $500.

On September 20, 1917, having failed to appear, his bond was duly and regularly forfeited, and on September 27th the judgment of forfeiture was read and signed in open court.

On October 11th the accused, through his counsel, moved to set aside the said judgment of forfeiture on the grounds, substantially: (1) That he was absent from the parish of St. Mary, was under the impression that the next criminal term of court would begin on October 15th, instead of September 17th, and upon learning that court was in session he returned to the parish of St. Mary and surrendered himself to the sheriff. (2) That the criminal jury term began on September 24, 1917, and that he surrendered before October 13, 1917, and during the said criminal term. (3) That the judgment of forfeiture is illegal, null, and void for the reason that there was no citation upon him or his sureties. In a supplemental motion the following additional grounds are urged as reasons why the judgment of forfeiture should be set aside: (4) That the forfeiture was entered on September 20, 1917, at a time prior to that at which the bond was made returnable. (5) That at the time of said forfeiture, his sureties had no legal notice served upon them that said bond had been ordered forfeited. (6) That his sureties were not notified of said forfeiture in time to give them a chance to produce him (the accused) in court within 5 days of said forfeiture. (7) That Act 17 of 1900, under which the said bond was forfeited, is unconstitutional because it does not prescribe any "notice of citation" to be served on a defendant, and is not due process of law as required by the Constitution of this state and of the United States. (8) That he and his sureties were not served with any notice of judgment of the alleged forfeiture and given an opportunity to surrender within the time prescribed in said act.

As a matter of fact the criminal session of court began on September 17, 1917, and the bond furnished by accused was conditioned for his appearance at that time and from day to day and there remain until discharged. The accused does not state in his motion the date upon which he appeared and surrendered to the sheriff. The state did not take advantage of the absence of this allegation, but permitted accused to show on the trial of his motion that the surrender took place on October 10th, some 20 days after the forfeiture.

The law governing the manner of forfeiting bail bonds is contained in Act 17 of 1900, p. 23, and it specially provides:

"The judgment" of forfeiture "so rendered may at any time within five days after rendition thereof be set aside upon the appearance, and trial and conviction or acquittal of or upon a continuance, after such appearance granted upon motion of the attorney representing the state.

"Such judgment shall not be rendered in case it shall be made to appear to the satisfaction of the court that the defendant or party accused is prevented from attending by some physical disability."

It will be seen that not a single ground alleged in the motion of accused, save that of unconstitutionality of this statute, to which we will hereafter refer, brings him within the conditions under which he might have had the right to cause the forfeiture of his bond to be set aside; and his motion might have been heard and disposed of without taking any evidence, on a simple demurrer and on the face of the record. It was unfortunate that the trial judge permitted the taking of testimony as to the understandings, agreements, and conversations between the accused and his counsel on the one side and the counsel of the state on the other, for that evidence can only serve the purpose of raising questions of veracity between counsel, both of whom are gentlemen of unimpeachable integrity, and it is irrelevant and not pertinent to the real issue here involved.

The jurisprudence of this state was for a long time in a deplorable condition of un-

certainty as to what constituted sufficient reason to set aside the forfeiture of an appearance bond. The statute law had become obscured if not altogether ignored in an honest effort by the courts to promote equity, and forfeitures were sometimes set aside merely on the principle that:

"The object of an appearance bond is to secure the trial of the offender rather than to fill the coffers of the treasury, and, therefore, when, after forfeiture, the securities bring the offender into open court during the term when the bond was forfeited, the judgment of forfeiture should be set aside, provided there is no collusion or deceit or fraud practiced or attempted to be put upon the court."

But this jurisprudence was all reviewed and criticized in the late case of State of Louisiana v. Johnson, 132 La. 11, 60 South. 702, and returning to its proper moorings, the court held in accordance with the clear and unambiguous terms of the statute of 1900, that the limitation of 5 days is binding, and that an appearance and a surrender by an accused after that limited period, although he was subsequently tried and convicted, was not ground for setting aside the judgment of forfeiture. We adhere to the principles enunciated in that decision, and the ruling of the trial judge in this case, based entirely upon equitable grounds, must be set aside as in conflict with the views expressed in said decision.

[3] The most serious ground urged by the accused in his motion is that which attacks the constitutionality of Act 17 of 1900 as denying him a hearing in court, and also as denying his right not to be deprived of his property except by due process of law.

"Due process of law in judicial action," says Black in his work on Constitutional Law, par. 214, "implies a regular proceeding before a competent court, possessing jurisdiction, with opportunity to the party to appear and be heard in his own defense or in rebuttal of the claim made against his property." Again, quoting from the same paragraph, by the same author, "When the proceedings are had in a court of justice, and are based upon jurisdiction lawfully acquired, and are conducted with due regard to all the rights of the defendant, it must in general be held that the judgment arrived at is due process of law." Quoting now from Cooley on Constitutional Limitations (6th Ed.) p. 433, "Nor is there any requirement of judicial action which demands that, in every case, the parties interested shall have a hearing in court."

The accused in this case stresses especially the allegation that judgment was rendered against him without notice or opportunity to be heard. It must be observed that he and his sureties agreed, in the bond or contract which they signed, that if the accused did not appear in court on the day fixed in that instrument, they should be held and firmly bound unto the state of Louisiana in the sum of $500. This agreement is an acknowledgment on their part, of notice as to the time and place they would be condemned if they failed to comply with the obligation which they had voluntarily assumed. It was held in State v. Brown, 13 La. Ann. 266, that when the surety signs the bond, he is presumed to take the prisoner in his friendly custody and to undertake to produce him at the time and place designated by law, of which he is bound to take notice. A fortiori then is the accused also bound to take notice.

Black, in his treatise, from which we have already quoted, again says at page 490:

"Summary proceedings against sheriffs, constables, sureties on bail and appeal bonds, * * * and the like, are not inconsistent with the constitutional guaranty of due process of law."

In 5 Cyc. p. 128, note 47, we find the following:

"And a judgment entered by filing the recognizance and a copy of the order of the court forfeiting it with the county clerk is one entered on due process of law," etc.—citing as authority People v. Hickey, 5 Daly (N. Y.) 365, affirmed in 59 N. Y. 83.

The following authority, copied from the brief of the Attorney General, is also in point:

"A judgment against a surety on a forthcoming bond in an attachment proceeding, without a hearing, does not deprive him of property without due process of law, as such bond was given in view of the existing statute, and the surety virtually consented that judgment might go against him on the bond if the plaintiff should be entitled to a judgment against his principal." Fed. Stat. Ann. vol. 9, p. 445; Johnson v. Chicago, etc., 119 U. S. 400, 7 Sup. Ct. 254, 30 L. Ed. 447; Sewing Machine Co. v. Radcliffe, 137 U. S. 299, 11 Sup. Ct. 92, 34 L. Ed. 670; Hopkins v. Orr, 124 U. S. 510, 8 Sup. Ct. 590, 31 L. Ed. 523.

For these reasons we believe the judgment appealed from is erroneous, and should be set aside and annulled, and

It is ordered that the demand of defendant to set aside the forfeiture be denied.