No. 2015
Second Circuit Appeal

MRS. J. SPEIGHT, ET AL., v. S. H. PORTER, AS PRESIDENT OF THE SABINE PARISH SCHOOL BOARD, ET AL.

(May 9, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Bail—Par. 28.

A judgment of forfeiture of a bail bond under Act No. 17 of 1900 becomes absolute if the accused makes no appearance within five days after its rendition.

2. Louisiana Digest—Bail—Par. 28, 32.

A judgment in a forfeiture of a bail bond under Act 17 of 1900 taken against Mack Gore and his bondsman will not be affected by the fact that Mack Gore also was known under the name of M. A. Gore.

Appeal from Twelfth Judicial District Court of Louisiana, Parish of Sabine. Hon. J. H. Boone, Judge.

This is an injunction suit sued by the sureties of the appeal bond to restrain the defendants from further proceeding under a writ upon a judgment against the surety of a bail bond.

There was judgment dissolving the injunction and plaintiffs appealed.

Judgment affirmed.

S. D. Ponder, of Many, attorney for plaintiff, appellant.

J. B. Hill, of Many, attorney for defendant, appellee.

REYNOLDS, J. This is an injunction suit instituted by the sureties on the appeal bond of one Mack Gore to restrain the defendants from further proceeding under a writ of fieri facias issued upon a judgment rendered in suit No. 1250 of the State of Louisiana versus Mack Gore and the sureties on a bail bond was given by him, the plaintiffs herein. This bail bond was given in the proceeding of the State of Louisi-

ana vs. M. A. Gore. The grand jury found a bill against Mack Gore and the defendant M. A. Gore or Mack Gore appeared in court and his case was set for trial January 16th. On that day Mack Gore was duly called at the court house door as required by law as were the sureties on his bail bond and he failing to appear and they to produce him judgment was rendered against Mack Gore and the sureties on his bail bond, the plaintiffs in this injunction suit.

Plaintiffs set up as cause of action that they were the bondsmen of M. A. Gore and not of Mack Gore. That M. A. Gore never called on his bond and that they were never called on to deliver M. A. Gore into court for trial.

The evidence shows that Mack Gore and M. A. Gore are one and the same person and that Mack Gore and his sureties were duly called on the day fixed for his trial and that neither M. A. Gore nor Mack Gore appeared for trial, and that on his being called on his bond and his bondsmen being called to produce him no one appeared as either Mack Gore or M. A. Gore and that his bondsmen did not produce in open court either M. A. Gore or Mack Gore.

Judgment was rendered against the defendant Mack Gore and his bondsmen, the plaintiffs herein.

We do not think that leaving out the "A" in Gore's name and calling him as "Mack" Gore instead of M. A. Gore was a failure to call the defendant and the sureties on his bond.

Under the evidence it is certain a judgment of forfeiture of Mack Gore's bail bond was duly made and that judgment was rendered against him and his bondsmen, the plaintiff in this suit.

Mack Gore did not appear within five days after the rendition of said judgment and stand trial. He was neither acquitted or convicted nor was his case continued on application of the District Attorney nor did his bondsmen take any steps to have the judgment rendered against them set aside within five days after its rendition as required by Act No. 17 of 1900.

The Supreme Court, in the case of State vs. Johnson, 132 La. 11, 60 South. 702, held that under Act No. 17 of 1900:

"Providing that judgment for forfeiture of an appearance bond may, at any time within five days after rendition therof, be set aside upon the appearance and trial and conviction or acquittal of, or upon a continuance after such appearance, rendered upon motion of the attorney representing the state, the limitation of five days is binding, and a surety's surrender of accused 23 days after judgment forfeiting the appearance bonds, and his subsequent trial and conviction, is not ground for setting aside the judgment of forfeiture."

Also that:

"A judgment becomes absolute by its signature, and from that moment becomes the property of the party in whose favor it is rendered."

Also that:

"A judgment for the payment of money can be satisfied only by the payment of money."

And in the case of State vs. LeGrand 130 La. 1034, 5δ South. 869, the Supreme Court held that:

"A judgment of forfeiture of a bail bond becomes absolute if the accused makes no appearance within five days after the rendition thereof."

Under these authorities, plaintiffs' prayer, that the judgment against them be decreed null and of no effect must be denied.

Plaintiffs insist in their brief that the judgment should be annulled for the reason that there was no order of court fixing the amount of Mack Gore's bail bond and that there was no notice of judgment given the sureties on the bond; but there is no evidence in the record to support this contention.

Plaintiffs also insist that there has been an excessive seizure in this case and ask, in the alternative, that the seizure be held to be excessive; but there is no evidence whatever in the record as to the value of the property seized. The court, therefore, is without authority to grant this relief asked by plaintiffs.

For the above reasons and the authorities quoted, the judgment of the lower court is affirmed at plaintiffs' costs.