180 So.2d 66 (1965)
Lawrence B. PETTIT et al., Respondents,
v.
Charles PENN, Applicant.
No. 10440.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1965.
Rehearing Denied October 28, 1965.
Writ Refused January 17, 1966.
*67 Thompson, Thompson & Sparks, Monroe, for applicant.
George Fink, Monroe, for respondents.
Before HARDY, AYRES, and BOLIN, JJ.
AYRES, Judge.
Writs were issued herein to afford an opportunity to review the propriety of the action of the trial court in overruling a motion to dismiss respondents' appeal to the court from a decision of the Louisiana Board of Alcoholic Beverage Control dismissing their opposition to applicant's demand for, and the issuance of, a liquor license, or permit, to sell intoxicating liquor and beer at the premises bearing Municipal No. 103 Wood Street, Monroe, Louisiana, known as the Elbow Room.
The primary question presented for resolution and the one upon which the writs were issued is whether the courts are vested with jurisdiction to review decisions of the Board of Alcoholic Beverage Control which dismiss oppositions and grant licenses, or permits, to sell intoxicating liquor and beer at retail. The trial court, in overruling applicant's motion to dismiss, held that the court had jurisdiction to review such actions of the board, whereupon applicant applied to this court for remedial writs.
Applicant contends, inasmuch as "The Alcoholic Beverage Control Law," LSA-R.S. 26:1 et seq., and particularly § 104 thereof, makes provision for appeals to the courts only by those whose applications for liquor permits have been denied or whose permits have been suspended or revoked, that, by implication at least, those who oppose such applications and the issuance of such permits are without right to a judicial review of, and that the courts are without jurisdiction to review, the actions of the board wherein such oppositions are overruled and permits ordered issued.
The pertinent provisions of the statute referred to and relied upon by the applicant (LSA-R.S. 26:104) provide that
"Any party aggrieved by a decision of the board to withhold, suspend, or revoke a permit or of the local authorities to withhold a permit may, *68 within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant's or permittee's place of business, proposed or actual as the case may be. Such appeals shall be filed in the district courts in the same manner as original suits are instituted therein. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard."
A brief summary of the proceedings before the board is deemed appropriate to an appreciation of the issues as they are resolved.
By application dated March 31, 1965, filed with the Board of Alcoholic Beverage Control April 9, 1965, Charles Penn applied for a license, or permit, to sell at retail, at the heretofore-described location, alcoholic beverages containing more than six percent of alcohol by volume. To his application, thirteen citizens of the City of Monroe, Louisiana, members of the Board of Deacons of the First Baptist Church of that city, filed a formal written opposition wherein it was set forth that the church has been located and has held and conducted, for more than 110 years, and is now holding and conducting, its regular and special services in the 200 block of St. John Street.
The opposition is predicated upon the contention that the granting of the permit applied for would be contrary to and in violation of the provisions of not only Ordinance No. 3263, Section 4, of the City of Monroe, but of the provisions of LSA-R.S. 26:39 et seq. on the grounds, among others, that (1) the location of the proposed business is within 300 feet of the aforesaid First Baptist Church; (2) Charles Penn is an interposed person; (3) the Penn Resort Hotel is the party at interest in the application and in the proposed business, which constitutes no part of the hotel; and (4) the application was not submitted within 24 hours of the application for a local permit as required by LSA-R.S. 26:78. Respondents made, in their petition to the court for a judicial review of the action of the board, the same contentions set forth in their opposition urged before the board.
The question presented for determination involves a legal issue. For its resolution, consideration of certain fundamental and well-established legal principles must be given. First of major concern is the constitutional provision that
"All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay." La.Const. Art. 1, § 6.
It is, however, a prerogative of the Legislature to delegate to administrative boards and agencies of the State power and authority of ascertaining and determining the facts upon which laws are to be applied and enforced. State ex rel. Porterie v. Housing Authority of New Orleans, 190 La. 710, 182 So. 725, 739 (1938); Hunter Co. v. McHugh, 202 La. 97, 11 So.2d 495 (1942); National Bank of Commerce, etc. v. Board of Sup'rs, etc., 206 La. 913, 20 So.2d 264 (1944); Parker v. Board of Barber Examiners, 84 So.2d 80, 86, La.App., 1st Cir.1955. However, a legislature cannot deprive the courts of their constitutionally conferred jurisdiction. Meyer v. Board of Trustees of F. Pension & R. Fund, 199 La. 633, 6 So.2d 713, 717 (1942).
In the cited case, it was said:
"The jurisprudence is clear that where a Board has original power to determine matters submitted to it under a statute that, after it has acted, the legal correctness of its action may be attacked in court by a party claiming an adverse legal right." *69 Cited as authority were the cases: State ex rel. Reynolds & Henry Const. Co. v. O'Kelly, 48 La.Ann. 28, 33, 18 So. 757 (1895); State v. Elfer, 115 La. 964, 40 So. 370 (1905).
Thus, involved is the principle of due process of law, the constitutional provision with reference to which was designed to exclude oppression and arbitrary power from every branch of the government, and, with respect to judicial proceedings, contemplates a course of proceedings according to rules and principles which have been established in our system of jurisprudence for the conduct and enforcement of private rights. Thus, as pointed out in Dupuy v. Tedora, 204 La. 560, 15 So.2d 886, 890 (1943),
"It means that no person shall be deprived of life, liberty, property, or of any right granted him by statute, unless the matter involved shall first have been adjudicated against him upon trial conducted according to established rules regulating judicial proceedings. It forbids condemnation without a hearing." (Emphasis supplied.)
The requirements of due process in instances such as this are, however, satisfied where resort may be had to courts to have actions of administrative officers or public bodies reviewed.
The general rule is that
"The requirements of due process have been held satisfied where resort may be had to the courts to have the action of an administrative officer or body reviewed, except where no stay of the effect of the order appealed is provided, and where, meanwhile, irreparable injury will result, * * *." 73 C.J.S. Public Administrative Bodies and Procedure § 60, pp. 384, 386, Due Process of Law in General.
Moreover,
"A statute vesting administrative officers with summary powers need not necessarily provide for notice and hearing prior to the exercise of such powers, but if it does not provide for notice and hearing and leaves no remedy whatever against unwarranted action in the exercise of such powers, it is unconstitutional as a denial of due process of law." 42 Am.Jur., "Public Administrative Law," p. 363, § 57.
See, also, 16A C.J.S. Constitutional Law § 569(1), p. 559; State v. Young, 142 La. 865, 77 So. 772, 774 (1918); Southern Bell Tel. & Tel. Co. v. Louisiana Pub. Serv. Com'n, 185 La. 729, 170 So. 548 (1936).
These principles were tersely emphasized in the language contained in 2 Am.Jur.2d, "Administrative Law," p. 377, § 565, Constitutional Right:
"Judicial review of administrative actionthat is, judicial review of certain elements of such actionbecomes a matter of constitutional necessity in some situations. In such situations a court will provide relief or review though no statute specifically provides therefor, and even though a statute attempts to preclude review.
"A statute conferring power upon an administrative agency is not unconstitutional as violating due process of law merely because it does not expressly provide for judicial review of an administrative determination. This rule rests, at least in part, upon the principle that the right of judicial review with respect to certain kinds of issues is always implied, the court sometimes expressly stating that this right of review is guaranteed by a constitutional command. The courts also go far in holding that statutes aiming to preclude judicial review do not preclude the minimum review required by the Constitution. In rare instances, however, statutes declaring a determination by an administrative agency to be final or precluding judicial review are held unconstitutional. Statutes which place a prohibitive burden *70 upon the right to review have also been held unconstitutional."
Thus, it is a matter of no importance that a statute creating or regulating the actions of a public board or agency fails to provide for a judicial review of the action of the board or agency. The statute is not, on that account, unconstitutional. In such a situation, under the presumption of the constitutionality of legislative enactments, it cannot be assumed that the Legislature intended to deprive one aggrieved of his ordinary right to a trial de novo and a review of an adverse action in the courts. Meyer v. Board of Trustees of F. Pension & R. Fund, supra; State ex rel. Rothe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153, 166 (1943); Parker v. Board of Barber Examiners, supra; Bazard v. Louisiana State Livestock Sanitary Board, 135 So.2d 652, La.App., 1st Cir.1961 (certiorari denied). Appropriate here is an observation made in Parker v. Board of Barber Examiners, supra, wherein it is stated:
"Nor is the Act unconstitutional for failure to provide in the Act itself for judicial review of Board actions of approval or disapproval of barber schools; for when the statute is silent in this regard, in accord with the presumption of constitutionality of legislative enactments, it is presumed that the Legislature did not seek to deprive the aggrieved person of his ordinary right to trial de novo and review of adverse action in the courts, * * *. As stated in the Meyer case [Meyer v. Board of Trustees of F. Pension & R. Fund, supra], concerning an administrative agency adjudicating individual rights through a statute which did not specifically provide for judicial review, `The jurisprudence is clear that where a Board has original power to determine matters submitted to it under a statute that, after it has acted, the legal correctness of its action may be attacked in court by a party claiming an adverse legal right (cases cited)', 6 So. 2d 717." 84 So.2d 80, 86-87.
It may be appropriate to observe at this point that the Alcoholic Beverage Control Law, LSA-R.S. 26:85, Subsection C, provides that
"Any person may oppose the issuance of any permit by filing with the board a sworn petition of opposition within thirty-five days of the date the application for a state permit was received. If this petition is timely filed, the board shall withhold the state permit and immediately notify the proper local authority, who shall withhold the local permit. The board shall summon the applicant and hold a hearing on the petition of opposition in the manner provided by this Chapter."
The respondents herein filed and urged such an opposition before the board. Their right to do so was conferred upon them by the aforesaid statute. No attack has been or could be made upon the assertion of their aforesaid rights and interests. That citizens are concerned with and have rights and interests in the business and location of the sale of intoxicants has been uniformly recognized in every statute on the subject.
From our review of the record, we find ourselves in complete accord with the conclusion reached by our learned brother of the district court that the district court has jurisdiction of the appeal taken by the respondents from the action of the board with respect to the application for a liquor license, or permit. That court had jurisdiction of the applicant's proposed place of business and as such was invested with the appeal from the decision of the board. LSA-R.S. 26:104.
Appropriate is an observation of the late Charles A. Holcombe, Judge of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, quoted by the Court of Appeal, First Circuit, in Fields v. *71 Re Bowe, 84 So.2d 727, 730 (1955certiorari denied), wherein he stated:
"It is inconceivable to me that when the right is conferred by law upon citizens to protest to the Board of Tax Appeals against the improper issuance of liquor and beer licenses, (which right is given by LSA [-R.S.] 26:283) they do not have the right of appeal from an adverse decision of the Board."
Moreover, applicant's able counsel, in a brief in support of the application to this court for writs, concedes that the court has jurisdiction to review the board's decision. Therein, he stated:

"We agree that judicial review of the Board's decision may be had, but we submit that here, like Parker [Parker v. Board of Barber Examiners, supra], the action must be against the Board by mandamus or regular process." (Emphasis supplied.)
We may, however, point out that applicant's motion to dismiss was predicated solely upon the contention that the court was without jurisdiction respecting the granting of permits by the board and the dismissal of oppositions thereto. No objection was made or exception urged to the mode, manner, or form of the proceedings instituted by the respondents for a judicial review of the board's action, and may now be considered as waived. LSA-C.C.P. Arts. 925, 926.
Under the procedure undertaken in the instant case, the court has ample authority, after trial of the issues, to either affirm or reverse the decision of the board and, if a reversal is decreed, to enter an appropriate order or decree. Therefore, if it could be said the form of the action fails to comply with the requirements of the statute, such failure is a matter of no importance at this stage of the proceeding.
For the aforesaid reasons, we are of the opinion that the action of the court in overruling the motion to dismiss was proper. We are, therefore, constrained to hold that the writs were improvidently issued and should be recalled.
It is, therefore, ordered that the writs of certiorari, prohibition, and mandamus issued in this cause be, and the same are hereby, recalled at applicant's cost; and that, accordingly, this cause be, and it is hereby, remanded to the Honorable, the Fourth Judicial District Court for Ouachita Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law.
Writs recalled.
HARDY, Judge (dissenting).
The majority opinion, conceding the right of the Legislature to delegate a measure of quasi judicial authority to administrative agencies, reasons that a Legislature cannot deprive the courts of their constitutional jurisdiction nor can it deprive any person of the constitutionally guaranteed right to seek a remedy for injury by due process of law. I have no quarrel with these principles, but I question their application to the instant proceeding.
In my opinion, the respondents in this action would not be deprived of any constitutional guaranty nor of any statutory right. The courts were available for the hearing and determination of any claim of injury which they might have asserted in a proper action. My conclusion is predicated upon the argument that the matter before the court involves neither the constitutional right of due process nor the statutory right of appeal.
It should be borne in mind that although appeals are highly favored they are subject to statutory regulation. The statute applicable to this proceeding (LSA-R.S. 26:104) specifically limits the right of appealor more properly the right of judicial reviewto certain holdings of the administrative board. This limitation is a valid exercise of the legislative authority comparable *72 to other instances in which statutes circumscribe the nature and extent of a judicial review of the decisions of administrative boards.
If the respondents considered they were prejudiced, aggrieved or injured by the ruling of the administrative agency, they had a constitutional right to present their claims before a court of proper jurisdiction.
Succinctly stated, it is my belief that the issue presented concerns a question of procedure rather than one of substantive rights. For this reason I respectfully dissent.