# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2026

Lyle W. Cayce
Clerk

—————————

No. 25-30535

—————————

Eloise S. Harris; Preston L. Scarbrough, Reverend,

*Plaintiffs—Appellants*,

*versus*

Louisiana State; South Central Planning and Zoning Development Commission; City of Houma Consolidated Government,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:25-CV-729

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

*Pro se* Appellants appeal the dismissal of their claims arising out of a condemnation proceeding. The district court, adopting the magistrate judge's report and recommendation, rejected Appellants' various claims as

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30535

frivolous and meritless. *See Harris v. Louisiana*, No. 25-729, 2025 WL 2702045, at *1 (E.D. La. Aug. 27, 2025). Appellants now appeal.

Appellants first argue that the district court lacked original jurisdiction. This, they argue, denied them due process and misconstrued *Pettit v. Penn*, 180 So. 2d 66 (La. Ct. App. 1965). They are incorrect. Neither the district court nor the magistrate judge cited *Pettit*. *See Harris*, 2025 WL 2702045. In any event, *Pettit* did not concern federal jurisdiction or due process but addressed whether Louisiana courts have jurisdiction to review the granting or denial of local liquor licenses. *Pettit*, 180 So. 2d at 67.

Next, Appellants argue the district court's holdings are a "ra[d]ical departure" from cases interpreting the Due Process Clauses of the Fifth and Fourteenth Amendments. Appellants, however, cite nothing to support this argument, instead citing irrelevant cases and referring to unrelated matters such as the Vienna Convention.

Even construed liberally, *see Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019), Appellants' arguments are nonsensical. Moreover, Appellants fail to address the merits of the district court's opinion. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As such, they have forfeited any argument that the district court erred in dismissing their claims. *Ibid.*

AFFIRMED.